**08 C 297**

**JUDGE HART**
**MAGISTRATE JUDGE KEYS**

# EXHIBIT 7(a)

| | |
|---|---|
| To: | JPMorgan Chase & Co. (dbreitman@goodwinprocter.com) |
| Subject: | TRADEMARK APPLICATION NO. 77308911 - CHASE WHAT MATTERS - 100144137950 |
| Sent: | 12/28/07 12:23:45 PM |
| Sent As: | ECOM116@USPTO.GOV |
| Attachments: | Attachment - 1 |
| | Attachment - 2 |
| | Attachment - 3 |
| | Attachment - 4 |
| | Attachment - 5 |
| | Attachment - 6 |
| | Attachment - 7 |
| | Attachment - 8 |
| | Attachment - 9 |
| | Attachment - 10 |
| | Attachment - 11 |
| | Attachment - 12 |
| | Attachment - 13 |
| | Attachment - 14 |
| | Attachment - 15 |
| | Attachment - 16 |
| | Attachment - 17 |

UNITED STATES PATENT AND TRADEMARK OFFICE

SERIAL NO:    77/308911

MARK: CHASE WHAT MATTERS                             *77308911*

| | |
|---|---|
| **CORRESPONDENT ADDRESS**: | |
| DANA BREITMAN | **RESPOND TO THIS ACTION**: |
| GOODWIN PROCTER LLP | http://www.uspto.gov/teas/eTEASpageD.htm |
| 599 LEXINGTON AVE | |
| NEW YORK, NY 10022-6030 | **GENERAL TRADEMARK INFORMATION**: |
| | http://www.uspto.gov/main/trademarks.htm |

**APPLICANT**:   JPMorgan Chase & Co.

**CORRESPONDENT'S REFERENCE/DOCKET NO**:

100144137950

**CORRESPONDENT E-MAIL ADDRESS**:

dbreitman@goodwinprocter.com

# OFFICE ACTION

TO AVOID ABANDONMENT, THE OFFICE MUST RECEIVE A PROPER RESPONSE TO THIS OFFICE ACTION WITHIN 6 MONTHS OF THE ISSUE/MAILING DATE.

**ISSUE/MAILING DATE**: 12/28/2007

The assigned trademark examining attorney has reviewed the referenced application and has determined the following:

**Section 2(d) - Likelihood of Confusion Refusal**

Registration of the proposed mark is refused because of a likelihood of confusion with the marks in U.S. Registration Nos. 2989714 and 3360523. Trademark Act Section 2(d), 15 U.S.C. §1052(d); TMEP §§1207.01 *et seq.* See the enclosed registrations.

Taking into account the relevant *du Pont* factors, a likelihood of confusion determination in this case involves a two-part analysis. First, the marks are compared for similarities in appearance, sound, connotation and commercial impression. *In re E .I. du Pont de Nemours & Co.*, 476 F.2d 1357, 177 USPQ 563 (C.C.P.A. 1973). Second, the goods or services are compared to determine whether they are similar or related or whether the activities surrounding their marketing are such that confusion as to origin is likely. *In re National Novice Hockey League, Inc.*, 222 USPQ 638 (TTAB 1984); *In re August Storck KG*, 218 USPQ 823 (TTAB 1983); *In re Int'l Tel. and Tel. Corp.*, 197 USPQ 910 (TTAB 1978); *Guardian Prods. Co. v. Scott Paper Co.*, 200 USPQ 738 (TTAB 1978); TMEP §§1207.01 *et seq.*

Applicant is seeking registration of the mark CHASE WHAT MATTERS for "Banking and related financial services."

The registered marks are:

WHAT REALLY MATTERS for "banking services, personal and corporate trust services, funds investment, investment advice, and investment consultation services;" and

DELIVERING WHAT MATTERS MOST for "Financial services, namely, student loans."

Applicant's mark, CHASE WHAT MATTERS, is similar to the registered mark, WHAT REALLY MATTERS. The marks both contain the words "WHAT" and "MATTERS," which have the same sound, spelling, and meaning in the marks. Applicant's mark, CHASE WHAT MATTERS, is also similar to the registered mark, DELIVERING WHAT MATTERS MOST. The marks both contain the wording "WHAT MATTER," which has the same sound, spelling and meaning in the marks. Marks may be confusingly similar in appearance where there are similar terms or phrases or similar parts of terms or phrases appearing in both applicant's and registrant's mark. *See e.g., Crocker Nat'l Bank v. Canadian Imperial Bank of Commerce*, 228 USPQ 689 (TTAB 1986), *aff'd* 1 USPQ2d 1813 (Fed. Cir. 1987) (COMMCASH and COMMUNICASH); *In re Phillips-Van Heusen Corp.*, 228 USPQ 949 (TTAB 1986) (21 CLUB and "21" CLUB (stylized)); *In re Corning Glass Works*, 229 USPQ 65 (TTAB 1985) (CONFIRM and CONFIRMCELLS); *In re Collegian Sportswear Inc.*, 224 USPQ 174 (TTAB 1984) (COLLEGIAN OF CALIFORNIA and COLLEGIENNE); *In re Pellerin Milnor Corp.*, 221 USPQ 558 (TTAB 1983) (MILTRON and MILLTRONICS); *In re BASF A.G.*, 189 USPQ 424

(TTAB 1975) (LUTEXAL and LUTEX); TMEP §§1207.01(b)(ii) and (b)(iii). Despite their differences, applicant's mark and the registered marks create similar commercial impressions.

Applicant's services, namely "Banking and related financial services," are similar to registrants' services, namely "banking services, personal and corporate trust services, funds investment, investment advice, and investment consultation services;" and "Financial services, namely, student loans." Likelihood of confusion is determined on the basis of the services as they are identified in the application and the registration. *Hewlett-Packard Co. v. Packard Press Inc.*, 281 F.3d 1261, 62 USPQ2d 1001 (Fed. Cir. 2002); *In re Shell Oil Co.*, 992 F.2d 1204, 26 USPQ2d 1687, 1690 n.4 (Fed. Cir. 1993); *J & J Snack Foods Corp. v. McDonald's Corp.*, 932 F.2d 1460, 18 USPQ2d 1889 (Fed. Cir. 1991); *Octocom Systems Inc. v. Houston Computer Services Inc.*, 918 F.2d 937, 16 USPQ2d 1783 (Fed. Cir. 1990). Since the identification of the applicant's services is very broad, it is presumed that the application encompasses all services of the type described, including those in the registrants' more specific identification, that they move in all normal channels of trade and that they are available to all potential customers. TMEP §1207.01(a)(iii).

Accordingly, registration is refused under §2(d) of the Trademark Act based upon a likelihood of confusion.

Although the trademark examining attorney has refused registration, applicant may respond to the refusal to register by submitting evidence and arguments in support of registration.

**Earlier-filed Pending Applications**

Information regarding pending Application Serial Nos. 78871466 and 78673655 is enclosed. The filing dates of the referenced applications precede applicant's filing date. There may be a likelihood of confusion under Trademark Act Section 2(d) between applicant's mark and the referenced marks. If one or more of the referenced applications registers, registration may be refused in this case under Section 2(d). 37 C.F.R. §2.83; TMEP §§1208 *et seq.* Therefore, upon entry of a response to this Office action, action on this case may be suspended pending final disposition of the earlier-filed applications.

If applicant believes that there is no potential conflict between this application and the earlier-filed applications, then applicant may present arguments relevant to the issue in a response to this Office action. The election not to submit arguments at this time in no way limits applicant's right to address this issue at a later point.

If applicant chooses to respond to the refusals to register, then applicant must also respond to the following requirements.

**Recitation of Services**

Applicant submitted the following identification with the application.

International Class 036: Banking *and related financial services*.

The above ***bolded and italicized*** wording in the identification of services needs clarification because it does not identify the services with enough specificity and it is too broad because it may identify services in multiple International Classes. Applicant must amend this wording to specify the common commercial or generic name for the services. If there is no common commercial or generic name for the services, then applicant must describe the nature of the services as well as their main purpose, channels of trade, and the intended consumer(s). TMEP §§1402.01 and 1402.03.

**If accurate, applicant may adopt the following formulation for use in drafting an acceptable identification.**

International Class 036: Banking **and {indicate specific "related financial services," e.g. related financing services}**.

For assistance with identifying and classifying goods and/or services in trademark applications, please see the online searchable *Manual of Acceptable Identifications of Goods and Services* at http://tess2.uspto.gov/netahtml/tidm.html.

Please note that, while the identification of services may be amended to clarify or limit the services, adding to the services or broadening the scope of the services is not permitted. 37 C.F.R. §2.71(a); TMEP §1402.06. Therefore, applicant may not amend the identification to include services that are not within the scope of the services set forth in the present identification.

**Combined Applications**

If applicant prosecutes this application as a combined, or multiple-class application, applicant must comply with each of the following for those goods and/or services based on an intent to use the mark in commerce under Trademark Act Section 1(b):

(1) Applicant must list the goods and/or services by international class with the classes listed in ascending numerical order; and

(2) Applicant must submit a filing fee for each international class of goods and/or services not covered by the fee already paid (current fee information should be confirmed at http://www.uspto.gov).

37 C.F.R. §2.86(a)(2); TMEP §§810 and 1403.01.

**Claim of Ownership**

If applicant is the owner of U.S. Registration Nos. 1521765, 3219221, 3352010, and others, then applicant must submit a claim of ownership. 37 C.F.R. §2.36; TMEP §812. The following standard format is suggested:

Applicant is the owner of U.S. Registration Nos. 1521765, 3219221, 3352010, and others.

/Laura A. Hammel/

Trademark Examining Attorney

Law Office 116

(571) 272-8260

**RESPOND TO THIS ACTION:** If there are any questions about the Office action, please contact the assigned examining attorney. A response to this Office action should be filed using the form available at http://www.uspto.gov/teas/eTEASpageD.htm. If notification of this Office action was received via e-mail, no response using this form may be filed for 72 hours after receipt of the notification. **Do not attempt to respond by e-mail as the USPTO does not accept e-mailed responses**.

If responding by paper mail, please include the following information: the application serial number, the mark, the filing date and the name, title/position, telephone number and e-mail address of the person signing the response. Please use the following address: Commissioner for Trademarks, P.O. Box 1451, Alexandria, VA 22313-1451.

**STATUS CHECK:** Check the status of the application at least once every six months from the initial filing date using the USPTO Trademark Applications and Registrations Retrieval (TARR) online system at http://tarr.uspto.gov. When conducting an online status check, print and maintain a copy of the complete TARR screen. If the status of your application has not changed for more than six months, please contact the assigned examining attorney.

**Print: Dec 28, 2007**　　　　　　　　　　　　78447070

**DESIGN MARK**

**Serial Number**
78447070

**Status**
REGISTERED

**Word Mark**
DELIVERING WHAT MATTERS MOST

**Standard Character Mark**
Yes

**Registration Number**
2989714

**Date Registered**
2005/08/30

**Type of Mark**
SERVICE MARK

**Register**
PRINCIPAL

**Mark Drawing Code**
(4) STANDARD CHARACTER MARK

**Owner**
Student Loan Funding Resources, LLC LTD LIAB CO OHIO One West Fourth Street, Suite 300 Cincinnati OHIO 45202

**Goods/Services**
Class Status -- ACTIVE. IC 036. US 100 101 102. G & S: Financial services, namely, student loans. First Use: 2000/04/01. First Use In Commerce: 2000/06/01.

**Filing Date**
2004/07/07

**Examining Attorney**
CARRUTHERS, ALICE SUE

**Attorney of Record**
Eric D. Reicin

# Delivering What Matters Most

Print: Dec 28, 2007                    78673655                    Issue: Jan 1, 2008

## DESIGN MARK

**Serial Number**
78673655

**Status**
SU - REGISTRATION REVIEW COMPLETE

**Word Mark**
THE FREEDOM TO FOCUS ON WHAT REALLY MATTERS

**Standard Character Mark**
Yes

**Type of Mark**
SERVICE MARK

**Register**
PRINCIPAL

**Mark Drawing Code**
(4) STANDARD CHARACTER MARK

**Owner**
Northern Trust Corporation CORPORATION DELAWARE 50 South LaSalle Street Chicago ILLINOIS 60675

**Goods/Services**
Class Status -- ACTIVE. IC 036. US 100 101 102. G & S: banking services, personal and corporate trust services, funds investment, investment advice, and investment consultation services. First Use: 2005/08/01. First Use In Commerce: 2006/01/07.

**Filing Date**
2005/07/19

**Examining Attorney**
MILLER, MONIQUE

**Attorney of Record**
Scott J. Slavick

# THE FREEDOM TO FOCUS ON WHAT REALLY MATTERS