## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

NORTHERN TRUST CORPORATION,
a Delaware Corporation,

       Plaintiff,

    v.

JPMORGAN CHASE & CO.,
a Delaware Corporation,

       Defendant.

Case No. 08-CV-0297

Judge William T. Hart

Magistrate Judge Keys

## PLAINTIFF'S MOTION FOR EXPEDITED DISCOVERY

Pursuant to Federal Rules of Civil Procedure 26(d), Plaintiff, Northern Trust Corporation, ("Northern Trust"), hereby moves this Court to allow it to take expedited discovery from Defendant, JPMorgan Chase & Co., ("Chase"), so that Northern Trust may learn the full extent of Chase's infringing activities. Northern Trust has moved for a TRO and a preliminary injunction, and requires the discovery now in preparation for the preliminary inunction hearing. In support of this Motion, Northern Trust states as follows:

## FACTS

For over a century, Northern Trust has been providing private banking, investment and asset management and fund administration to individuals and organizations. Northern Trust has developed a stellar reputation as a premier independent private banking institution.

In 2005, Northern Trust adopted a pair of service marks for its banking services: WHAT REALLY MATTERS; and THE FREEDOM TO FOCUS ON WHAT REALLY MATTERS (the "WHAT REALLY MATTERS Marks"), and in January 2006 launched an advertising campaign

based on these marks.  Northern Trust obtained federal trademark registrations for the WHAT

REALLY MATTERS Marks, Reg. Nos. 3,363, 286 and 3,360,523.

On January 9, 2008, Chase announced the launch of the CHASE WHAT MATTERS

mark as part of its major rebranding campaign.  The campaign is targeted to Chase's wide range

of banking services, such as credit cards, student loans and retail banking.  Chase will spend $70

million dollars in the first quarter of 2008, alone, in a media blitz featuring the  CHASE WHAT

MATTERS mark.  This all comes after Chase was refused a federal trademark registration for its

CHASE WHAT MATTERS mark by the United States Patent and Trademark Office due to the

likelihood of confusion with Northern Trust's WHAT REALLY MATTERS marks.

Disregarding Northern Trust's rights, Chase launched its media blitz centered around the

infringing mark, CHASE WHAT MATTERS.  Chase aggressive use of the CHASE WHAT

MATTERS mark will cause a substantial likelihood of confusion with Northern Trust's WHAT

REALLY MATTERS marks.

## ARGUMENT

Expedited discovery is appropriate under Fed. R. Civ. P. 26(d) where good cause is

shown.  *Sheridan v. Oak Street Mortgage, LLC,* 244 F.R.D. 520, 522 (E.D. Wis. 2007). *See also,*

*Benham Jewelry Corp. v. Aron Basha Corp.*, 45 U.S.P.Q.2d 1078, 1094 (S.D.N.Y. 1997)

(holding that "District Courts have broad power to permit expedited discovery in appropriate

cases").  Good cause is routinely found in cases involving infringement and unfair competition.

*Pod-Ners, LLC v. Northern Feed & Bean*, 204 F.R.D. 675, 676 (D. Colo. 2002).  Further,

requests for a preliminary injunction are examples of situations which may warrant expedited

discovery.  *Sheridan*, 244 F.R.D. at 521.

Northern Trust has shown the requisite good cause. Northern Trust seeks both a TRO and preliminary injunctive relief from this Court, asking that Chase be enjoined from continuing its expansive rebranding campaign based on the infringing CHASE WHAT MATTERS mark. Northern Trust's request expedited discovery is based on its motion for entry of a preliminary injunction, which is necessary since Chase's campaign is about to be launched nationwide. Thus, Northern Trust needs discovery now, to ascertain the full extent of Chase's wrongdoing. Northern Trust's discovery is narrowly tailored to determine the scope of Chase's imminent trademark infringement and unfair competition (*see* **Exhibits A, B, C and D** to this Motion).

WHEREFORE, Northern Trust requests that this Court order Chase to respond to Northern Trust's discovery requests (as set forth as **Exhibits A, B, C and D** to this Motion) within seven (7) days of an Order by this Court granting Northern Trust's Motion.

RESPECTFULLY SUBMITTED,

DATED: January 16, 2008

By: ___s/ David Hilliard_____
David C. Hilliard
Uli Widmaier
Teresa D. Tambolas
Ashly A. Iacullo
Pattishall, McAuliffe, Newbury, Hilliard &
Geraldson LLP
311 S. Wacker Drive
Suite 5000
Chicago, Illinois 60606
Tel: (312)554-8000
Fax: (312)554-8015

*Attorneys for Plaintiff, Northern Trust Corporation*

# EXHIBIT A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

NORTHERN TRUST CORPORATION,
a Delaware Corporation,

               Plaintiff,

      v.

JPMORGAN CHASE & CO.,
a Delaware Corporation,

               Defendant.

Case No. 08-CV-0297

Judge William T. Hart

Magistrate Judge Keys

### PLAINTIFF'S FIRST SET OF INTERROGATORIES

In accordance with Rule 33 of the Federal Rules of Civil Procedure, and this Court's Order for Expedited Discovery, Plaintiff, Northern Trust Corporation ("Northern Trust"), requests that Defendant, JPMorgan Chase & Co. ("Chase"), by ___ p.m. on January ___, 2008, seven (7) days after the Court approves this discovery, answer the interrogatories requested herein, subject to the following definitions:

### DEFINITIONS

A.      As used herein, the term "Plaintiff" means Northern Trust Corporation, its predecessors in interest, and the officers, directors, employees, agents and representatives thereof.

B.      As used herein, the term "Defendant" means JPMorgan Chase & Co., its predecessors in interest, and the officers, directors, employees, agents and representatives thereof.

C.      As used herein, "person" shall refer to an individual or an entity.

D.      As used herein, "relating to" includes relating to, identifying or referring to.

E.    As used herein, "and" as well as "or" shall be construed disjunctively or conjunctively as necessary in order to bring within the scope of the request all documents which might otherwise be construed to be outside the scope.

F.    As used herein, the singular shall always include the plural and present tense shall always include the past tense and vice versa.

G.    "Plaintiff's Marks" shall mean the federally registered marks, WHAT REALLY MATTERS, Reg. No. 3,360,523 and THE FREEDOM TO FOCUS ON WHAT REALLY MATTERS, Reg. No. 3,363,286.

H.    "Defendant's Mark" shall mean CHASE WHAT MATTERS.

I.    If a privilege is relied upon in declining to provide any information in response to an interrogatory, or a part thereof, identify the nature of the privilege and provide the following:

      (a)    the type of document;

      (b)    the general subject of the document;

      (c)    the date of the document, and

      (d)    such other information as is sufficient to identify each document for a subpoena duces tecum, including, where appropriate, the author of the document, the addressee of the document, and, where not apparent, the relationship of the author and addressee to each other.

J.    Whenever an interrogatory inquires about the name or identity of a person and that person is an individual, the information requested includes:

      (a)    the full person's name;

      (b)    the person's employer;

      (c)    the person's position or title; and

      (d)    the person's last known address and telephone number.

K.      Whenever an interrogatory inquires about the name or identity of a person and the person

is a corporation, division, agency or other entity, the information requested includes the full

name and current address of said corporation, division, agency or other entity.

## INTERROGATORIES

1.      Identify the person(s) most knowledgeable about Defendant's conception,

development, promotion, use, or planned use Defendant's Mark, and state each person's role and

responsibility and period of time during which each person had or is anticipated to have such

involvement.

2.      Identify each person(s) who provided information or documents for, or otherwise

assisted in the preparation of, the answers to the above interrogatories, or the responses to

Plaintiff's First Request for Production of Documents.


                                        RESPECTFULLY SUBMITTED,


DATED: January ___, 2008          By: _____
                                        David C. Hilliard
                                        Uli Widmaier
                                        Teresa D. Tambolas
                                        Ashly A. Iacullo
                                        Pattishall, McAuliffe, Newbury, Hilliard &
                                        Geraldson LLP
                                        311 S. Wacker Drive
                                        Suite 5000
                                        Chicago, Illinois 60606
                                        Tel: (312)554-8000
                                        Fax: (312)554-8015

                                        *Attorneys for Plaintiff, Northern Trust Corporation*

# EXHIBIT B

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

NORTHERN TRUST CORPORATION,
a Delaware Corporation,

        Plaintiff,

    v.

JPMORGAN CHASE & CO.,
a Delaware Corporation,

        Defendant.

Case No. 08-CV-0297

Judge William T. Hart

Magistrate Judge Keys

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

In accordance with Rule 34 of the Federal Rules of Civil Procedure, and this Court's Order for Expedited Discovery, plaintiff, Northern Trust Corporation ("Northern Trust"), requests that defendant, JPMorgan Chase & Co. ("Chase") by ___ p.m. on January ___, 2008, seven (7) days after the Court approves this discovery, produce the documents and things requested herein, subject to the following definitions:

## DEFINITIONS

A.    As used herein, the term "Plaintiff" means Northern Trust Corporation, its predecessors in interest, and the officers, directors, employees, agents and representatives thereof.

B.    As used herein, the term "Defendant" means JPMorgan Chase & Co., its predecessors in interest, and the officers, directors, employees, agents and representatives thereof.

C.    As used herein, the term "documents" includes but is not limited to all writings, electronically stored information, correspondence, books, memoranda, invoices, contracts, purchase orders, receipts, pamphlets, publications, drafts, catalogs, circulars, labels, packaging, displays, artwork, drawings, sketches, illustrative materials, layouts, tear sheets, price lists,

advertisements, videotapes, films, photographs, slides, magnetic recording tapes, microfilm,

electronic mail, databases, internal notes, and other analog or digital storage means by which

information is retained in retrievable form, and all other materials whether printed, typewritten,

handwritten, recorded or reproduced by any process and all other materials construed as

documents under the Federal Rules of Civil Procedure.

D.      As used herein, "person" shall refer to an individual or an entity.

E.      As used herein, "relating to" includes relating to, identifying or referring to.

F.      As used herein, "and" as well as "or" shall be construed disjunctively or conjunctively as

necessary in order to bring within the scope of the request all documents which might otherwise

be construed to be outside the scope.

G.      As used herein, the singular shall always include the plural and present tense shall always

include the past tense and vice versa.

H.      "Plaintiff's Marks" shall mean the federally registered marks, WHAT REALLY

MATTERS, Reg. No. 3,360,523 and THE FREEDOM TO FOCUS ON WHAT REALLY

MATTERS, Reg. No. 3,363,286.

I.      "Defendant's Mark" shall mean CHASE WHAT MATTERS.

J.      If a privilege is relied upon in declining to provide any information or document in

response to a document request, or a part thereof, identify the nature of the privilege and provide

the following:

(a)     the type of document;

(b)     the general subject of the document;

(c)     the date of the document, and

(d)     such other information as is sufficient to identify each document for a
subpoena duces tecum, including, where appropriate, the author of the document,

the addressee of the document, and, where not apparent, the relationship of the author and addressee to each other.

K.     If any documents requested below were formerly, but no longer in Defendant's custody or control, state the present location and custodian of each such document.

## REQUESTS

1.     All documents identified in response to Defendant's First Set of Interrogatories.

2.     All documents that relate or refer to Defendant's conception, consideration, design, development, creation, selection, or adoption of Defendant's Mark.

3.     Documents sufficient to reveal all services and/or goods in connection with which Defendant plans to use Defendant's Mark.

4.     Documents sufficient to reveal all third parties, including advertising agencies, marketing companies, and rebranding companies, that were or are consulted, retained or engaged by Defendant in connection with the conception, consideration, design, development, creation, selection, or adoption Defendant's Mark.

5.     Documents sufficient to reveal the date of Defendant's first use of each of the services and/or goods offered in connection with Defendant's Mark.

6.     Documents sufficient to reveal the territorial areas in the United States in which Defendant plans to market each service and/or good offered in connection with Defendant's Mark.

7.     Representative samples of all advertisements and promotional materials, including, but not limited to, Internet ads, web pages, print ads in local, national, regional and topical publications, television and radio commercials featured on network and cable broadcasts, web casts, trailers featured at movie theaters, billboards and any other signage used nationwide.

8.      All documents relating to any sponsorship by defendant of any event in connection with Defendant's Mark.

9.      All of Defendant's press releases and media statements relating to Defendant's Mark.

10.      Documents sufficient to reveal Defendant's quarterly and annual marketing expenses or planned expenses for services and/or goods marketed in connection with Defendant's Mark, including, but not limited to, expenses for advertising and promotion, with a breakdown of expenses by advertisement type and geographic region.

11.      All documents that relate or refer to any grant or acquisition through assignment, licenses or other transfer of any rights to or from Defendant that relate to Defendant's Mark.

12.      All documents that relate or refer to the circumstances in which Defendant first became aware of Plaintiff's use of Plaintiff's Marks.

13.      All documents that constitute, relate, or refer to any formal or informal investigation, research endeavor, search, survey, test, poll, or study of any kind, including, but not limited to trademark searches, trademark surveys, focus groups, consumer studies, and name selection research that Defendant has conducted, caused to be conducted, or has knowledge of pertaining to Defendant's Mark or Plaintiff's Marks, or pertaining to the markets for the services and/or goods offered in connection with any of the aforesaid marks.

14.      All documents that relate or refer to Defendant's application to register Defendant's Mark with the United States Patent and Trademark Office.

15.      Documents that constitute or that relate to or refer to federal, state or domain name registration of, application to register, or any attempt made by Defendant to register Defendant's Mark or Plaintiff's Marks.

16.    All documents that relate or refer to any other marks, terms or phrases considered by Defendant for use in the CHASE WHAT MATTERS advertising campaign.

RESPECTFULLY SUBMITTED,

DATED:  January ___, 2008          By: _____
                                        David C. Hilliard
                                        Uli Widmaier
                                        Teresa D. Tambolas
                                        Ashly A. Iacullo
                                        Pattishall, McAuliffe, Newbury, Hilliard &
                                        Geraldson LLP
                                        311 S. Wacker Drive
                                        Suite 5000
                                        Chicago, Illinois 60606
                                        Tel: (312)554-8000
                                        Fax: (312)554-8015

                                        *Attorneys for Plaintiff, Northern Trust Corporation*

# EXHIBIT C

### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

NORTHERN TRUST CORPORATION,
a Delaware Corporation,

        Plaintiff,

    v.

JPMORGAN CHASE & CO.,
a Delaware Corporation,

        Defendant.

Case No. 08-CV-0297

Judge William T. Hart

Magistrate Judge Keys

### PLAINTIFF'S FIRST SET OF REQUESTS FOR ADMISSION

In accordance with Rule 36 of the Federal Rules of Civil Procedure, and this Court's Order for Expedited Discovery, plaintiff, Northern Trust Corporation ("Northern Trust"), requests that defendant, JPMorgan Chase & Co. ("Chase") by ___ p.m. on January ___, 2008, five (5) days after the Court approves this discovery, respond to the following requests for admissions, subject to the following definitions:

### DEFINITIONS

A.    As used herein, the term "Plaintiff" means Northern Trust Corporation, its predecessors in interest, and the officers, directors, employees, agents and representatives thereof.

B.    As used herein, the term "Defendants" means JPMorgan Chase & Co., its predecessors in interest, and the officers, directors, employees, agents and representatives thereof.

C.    As used herein, "person" shall refer to an individual or an entity.

D.    As used herein, "relating to" includes relating to, identifying or referring to.

E.    As used herein, "and" as well as "or" shall be construed disjunctively or conjunctively as necessary in order to bring within the scope of the request all documents which might otherwise be construed to be outside the scope.

F.    As used herein, the singular shall always include the plural and present tense shall always include the past tense and vice versa.

G.    "Plaintiff's Marks" shall mean the federally registered marks, WHAT REALLY MATTERS, Reg. No. 3,360,523 and THE FREEDOM TO FOCUS ON WHAT REALLY MATTERS, Reg. No. 3,363,286.

H.    "Defendant's Mark" shall mean CHASE WHAT MATTERS.

I.    If a privilege is relied upon in declining to provide any information in response to a request for admission, or a part thereof, identify the nature of the privilege and provide the following:

      (a)    the type of document;

      (b)    the general subject of the document;

      (c)    the date of the document, and

      (d)    such other information as is sufficient to identify each document for a subpoena duces tecum, including, where appropriate, the author of the document, the addressee of the document, and, where not apparent, the relationship of the author and addressee to each other.

## REQUESTS

1.    In January 2008, Defendant purchased part of Northern Rock's portfolio.

2.    Defendant conducted a trademark search for Defendant's Mark.

3.      On October 19, 2007, Chase filed a trademark application with the United States Patent and Trademark Office to register the mark CHASE WHAT MATTERS for banking and related financial services.

4.      Defendant's trademark application for the mark CHASE WHAT MATTERS was filed on an intent-to-use basis.

5.      On December 28, 2007, the Trademark Attorney for the United States Patent and Trademark Office issued an office action to Defendant for its CHASE WHAT MATTERS trademark application.

6.      On January 9, 2008, Defendant publicly announced that it planned to introduce Defendant's Mark in a rebranding campaign.

7.      Defendant's first use of Defendant's Mark was on January 13, 2008.

8.      Defendant plans to advertise Defendant's Mark during the Super Bowl events.

9.      Defendant plans to advertise Defendant's Mark during Oprah Winfrey's pre-Academy Awards interview special.

10.      Defendant plans to advertise Defendant's Mark during prime-time programming such as "Grey's Anatomy," "American Idol," "Prison Break," and "Boston Legal."

11.      Defendant plans to advertise Defendant's Mark online, on web sites such as, <yahoo.com> and <msn.com>.

12.      Defendant plans to also advertise Defendant's Mark on outdoor media, such as billboards, ads at public transit stations and movie theater trailers.

13.      Defendant advertising campaign for Defendant's Mark in the first quarter of 2008, will cost approximately $70 million.

14.    Defendant knew of Plaintiff's Marks prior to launching its rebranding campaign, which incorporates Defendant's Mark.

RESPECTFULLY SUBMITTED,

DATED:  January ___, 2008               By: _____
                                            David C. Hilliard
                                            Uli Widmaier
                                            Teresa D. Tambolas
                                            Ashly A. Iacullo
                                            Pattishall, McAuliffe, Newbury, Hilliard &
                                            Geraldson LLP
                                            311 S. Wacker Drive
                                            Suite 5000
                                            Chicago, Illinois 60606
                                            Tel: (312)554-8000
                                            Fax: (312)554-8015

                                            *Attorneys for Plaintiff, Northern Trust Corporation*

# EXHIBIT D

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| NORTHERN TRUST CORPORATION,<br>a Delaware Corporation,<br><br>        Plaintiff,<br><br>    v.<br><br>JPMORGAN CHASE & CO.,<br>a Delaware Corporation,<br><br>        Defendant. | Case No. 08-CV-0297<br><br>Judge William T. Hart<br><br>Magistrate Judge Keys |

## NOTICE OF 30(b)(6) DEPOSITION OF JPMORGAN CHASE & CO.

PLEASE TAKE NOTICE that in accordance with Rule 30(b)(6) of the Federal Rules of Civil Procedure and the Order for Expedited Discovery entered in this present action, Plaintiff, Northern Trust Corporation ("Northern Trust"), will take the deposition of the Defendant, JPMorgan Chase & Co. ("Chase"), a Delaware corporation, beginning at 9:00 a.m. on a date of _____ (___) days (including weekends) after Defendant's receipt of this Court's Order, or at such other time agreed to by the parties, at the office of Esquire Deposition Services NY located at 220 W. 42nd Street, 13th Floor, New York, New York 10036-7200, through one or more officers, directors, or managing agents, partners, or other persons who consent to testify on its behalf, concerning the subjects below, but subject to the below definitions:

## DEFINITIONS

A.    As used herein, the term "Plaintiff" means Northern Trust Corporation, its predecessors in interest, and the officers, directors, employees, agents and representatives thereof.

B.    As used herein, the term "Defendants" means JPMorgan Chase & Co., its predecessors in interest, and the officers, directors, employees, agents and representatives thereof.

C.      As used herein, the term "documents" includes but is not limited to all writings, electronically stored information, correspondence, books, memoranda, invoices, contracts, purchase orders, receipts, pamphlets, publications, drafts, catalogs, circulars, labels, packaging, displays, artwork, drawings, sketches, illustrative materials, layouts, tear sheets, price lists, advertisements, videotapes, films, photographs, slides, magnetic recording tapes, microfilm, electronic mail, databases, internal notes, and other analog or digital storage means by which information is retained in retrievable form, and all other materials whether printed, typewritten, handwritten, recorded or reproduced by any process and all other materials construed as documents under the Federal Rules of Civil Procedure.

D.      As used herein, "person" shall refer to an individual or an entity.

E.      As used herein, "relating to" includes relating to, identifying or referring to.

F.      As used herein, "and" as well as "or" shall be construed disjunctively or conjunctively as necessary in order to bring within the scope of the request all documents which might otherwise be construed to be outside the scope.

G.      As used herein, the singular shall always include the plural and present tense shall always include the past tense and vice versa.

H.      "Plaintiff's Marks" shall mean the federally registered marks, WHAT REALLY MATTERS, Reg. No. 3,360,523 and THE FREEDOM TO FOCUS ON WHAT REALLY MATTERS, Reg. No. 3,363,286.

I.      "Defendant's Mark" shall mean CHASE WHAT MATTERS.

## **TOPICS**

1.      The organizational structure of Defendant.

2.      Defendant's conception, consideration, design, development, creation, selection, or adoption of Defendant's Mark.

3.      All services and/or goods in connection with which Defendant plans to use Defendant's Mark.

4.     All third parties, including advertising agencies, marketing companies, and rebranding companies, that were or are consulted, retained or engaged by Defendant in connection with the conception, consideration, design, development, creation, selection, or adoption Defendant's Mark.

5.     Defendant's first use of each of the services and/or goods offered in connection with Defendant's Mark.

6.     The territorial areas in the United States in which Defendant plans to market each service and/or good offered in connection with Defendant's Mark.

7.     Defendant's advertising and promotions, including, but not limited to, Internet ads, web pages, print ads in local, national, regional and topical publications, television and radio commercials featured on network and cable broadcasts, web casts, trailers featured at movie theaters, billboards and any other signage used nationwide.

8.     Defendant's sponsorship of any event in connection with Defendant's Mark.

9.     Defendant's press releases and media statements relating to Defendant's Mark.

10.     Defendant's quarterly and annual marketing expenses or planned expenses for services and/or goods marketed in connection with Defendant's Mark, including, but not limited to, expenses for advertising and promotion, with a breakdown of expenses by advertisement type and geographic region.

11.     Any grant or acquisition through assignment, licenses or other transfer of any rights to or from Defendant that relate to Defendant's Mark.

12.     The circumstances in which Defendant first became aware of Plaintiff's use of Plaintiff's Marks.

13.     Any formal or informal investigation, research endeavor, search, survey, test, poll, or study of any kind, including, but not limited to trademark searches, trademark surveys, focus groups, consumer studies, and name selection research that Defendant has conducted, caused to be

conducted, or has knowledge of pertaining to Defendant's Mark or Plaintiff's Marks, or pertaining to the markets for the services and/or goods offered in connection with any of the aforesaid marks.

14. Defendant's application to register Defendant's Mark with the United States Patent and Trademark Office.

15. Any federal, state or domain name registration of, application to register, or any attempt made by Defendant to register Defendant's Mark or Plaintiff's Marks.

16. Any other marks, terms or phrases considered by Defendant for use in the CHASE WHAT MATTERS advertising campaign.

RESPECTFULLY SUBMITTED,

DATED:  January ___, 2008         By: _____
                                  David C. Hilliard
                                  Uli Widmaier
                                  Teresa D. Tambolas
                                  Ashly A. Iacullo
                                  Pattishall, McAuliffe, Newbury, Hilliard &
                                  Geraldson LLP
                                  311 S. Wacker Drive
                                  Suite 5000
                                  Chicago, Illinois 60606
                                  Tel: (312)554-8000
                                  Fax: (312)554-8015

                                  *Attorneys for Plaintiff, Northern Trust Corporation*