UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NORTHERN TRUST CORPORATION, ) <br> a Delaware Corporation, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> JPMORGAN CHASE & CO., ) <br> a Delaware corporation, ) <br> ) <br> Defendant. ) | Case No. 08-C-297 <br><br> Hon. William T. Hart, U.S.D.J. <br><br> Hon. Arlander Keys, U.S.M.J. |

**CHASE'S OPPOSITION TO NORTHERN TRUST'S MOTION
FOR EXPEDITED DISCOVERY**

Defendant JPMorgan Chase & Co. ("Chase") hereby submits its opposition to Plaintiff Northern Trust Corporation's ("Northern Trust") Motion for Expedited Discovery (Docket No. 15).

**INTRODUCTION**

This Court should deny Northern Trust's Motion for Expedited Discovery because the discovery it seeks is unreasonable. Northern Trust's Motion purports to seek expedited discovery to determine the scope of Chase's alleged wrongdoing. Northern Trust's proposed expedited discovery requests are far more extensive. Further, beyond vague statements that it is entitled to expedited discover because it is seeking emergency interlocutory relief, namely a temporary restraining order and a preliminary injunction, Northern Trust has not even attempted, much less succeeded, in establishing good cause for even its stated limited expedited discovery "needs," much less the much more widely cast expedited discovery requests. For these reasons, which are set forth in more detail below, Northern Trust's Motion should be denied in its entirety.

## BACKGROUND

On January 14, 2008, Northern Trust, a private bank serving primarily affluent customers, filed a complaint against Chase, alleging trademark infringement and unfair competition under the Lanham Act and Illinois law.  *See* Complaint, Docket No. 1.  Northern Trust alleges that Chase's advertising campaign slogan, CHASE WHAT MATTERS, infringes Northern Trust's alleged rights in the phrases "WHAT REALLY MATTERS" and "THE FREEDOM TO FOCUS ON WHAT REALLY MATTERS."  Complaint ¶¶ 10-27, 32-44.

In conjunction with an Application for a Temporary Restraining Order and Motion for Preliminary Injunction, Docket Nos. 12-14, seeking to enjoin Chase's CHASE WHAT MATTERS advertising campaign, Northern Trust filed the subject Motion for Expedited Discovery on January 16, 2008.  Plaintiff's Motion for Expedited Discovery ("Plaintiff's Motion"), Docket No. 15.  According to Northern Trust, it seeks expedited discovery to "learn the full extent of Chase's infringing activities" and to "determine the scope of Chase's imminent trademark infringement and unfair competition."  *Id.* at 1, 3.

Northern Trust seeks discovery in the form of interrogatories, requests for production, requests for admission, and a Rule 30(b)(6) deposition of Chase, all within a time period of seven (7) days.  *See* Plaintiff's Motion and Exhibits A, B, C, and D to Plaintiff's Motion.  Specifically, Northern Trust seeks documents in response to sixteen (16) requests for production of documents covering a very broad range of topics well beyond the scope of discovery necessary to determine the extent of Chase's purportedly wrongful use of its mark CHASE WHAT MATTERS including, *inter alia*:

- *all* documents relating to conception, consideration, design, development, creation, selection, or adoption of Chase's mark;

- *all* documents relating to any grants of rights relating to the CHASE WHAT MATTERS mark made to Chase;

- *all* documents relating to Chase's first knowledge of Northern Trust's purported rights in WHAT REALLY MATTERS and THE FREEDOM TO FOCUS ON WHAT REALLY MATTERS;

- *all* documents relating to any investigations, research, studies, surveys, test, trademark searches, name selection research, focus groups, consumer studies and the like relating to either Chase's mark or Northern Trust's purported marks;

- *all* documents relating to Chase's pending federal trademark application for CHASE WHAT MATTERS; and,

- *all* documents relating to any other marks terms or phrases "considered by" Chase for use in Chase's present advertising campaign.

*See* Exhibit B to Plaintiff's Motion. Additionally, Northern Trust seeks responses to interrogatories calling for, *inter alia*, the identity of persons most knowledgeable about Chase's conception, development, promotion, use, or planned use of CHASE WHAT MATTERS as well as each person's role and responsibility and the period of time during which each person had or is anticipated to have such involvement. *See* Exhibit A to Plaintiff's Motion. Northern Trust also seeks answers to fourteen (14) requests for admission on topics including, but not limited to, whether Chase purchased part of a portfolio of loans from a nearly-failed *United Kingdom* mortgage lender, Northern Rock PLC, Chase's advertising plans and expenditures for its CHASE WHAT MATTERS campaign, and Chase's trademark application for the CHASE WHAT

3

MATTERS mark.  *See* Exhibit C to Plaintiff's Motion.  Finally, Northern Trust seeks a Rule 30(b)(6) deposition of Chase, unlimited in time, on sixteen (16) topics, completely redundant of the other requested discovery, plus information regarding Chase's organizational structure.  *See* Exhibit D to Plaintiff's Motion.

## ARGUMENT

I.  **Standard Applicable to Northern Trust's Motion for Expedited Discovery**

As Northern Trust states, Federal Rule of Civil Procedure 26 grants courts discretion to allow expedited discovery in certain limited circumstances.  However, Northern Trust fails to note that "[e]xpedited discovery is not the norm." *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. O'Connor*, 194 F.R.D. 618, 623 (N.D. Ill. 2000).  Indeed, the party seeking expedited discovery "must make some *prima facie* showing of the need for the expedited discovery." *Id.* "[W]here a plaintiff seeks expedited discovery to prepare for a preliminary injunction hearing, it makes sense to examine the discovery request . . . on the entirety of the record to date and the reasonableness of the request in light of all the surrounding circumstances . . . " *Id.* at 624 (emphasis in original).

Under this standard, "courts generally deny motions for expedited discovery when the movant's discovery requests are overly broad." *Philadelphia Newspapers, Inc., v. Gannett Satellite Information Network, Inc.*, No. Civ. A. 98-CV-2782, 1998 WL 404820 at *3 (E.D. Pa. July 15, 1998) (citing *Irish Lesbian and Gay Org. v. Giuliani*, 918 F.Supp. 728, 730-31 (S.D.N.Y. 1996)).  Contrary to Northern Trust's suggestion that expedited discovery should be granted as a matter of course in infringement and unfair competition cases, all requests for expedited discovery must be evaluated for their reasonableness under the circumstances, including cases for trademark infringement and unfair competition.  *See Philadelphia*

4

*Newspapers, Inc.,* 1998 WL 404820 at *3 (expedited discovery denied in trademark infringement case where requests were deemed overbroad).

II.     **Northern Trust's Expedited Discovery Requests are Unreasonable**

Northern Trust's request for expedited discovery should be denied because it violates the reasonableness standard of *Merrill Lynch*. In its motion, Northern Trust asserts that it "needs" discovery to determine the extent of Chase's purportedly wrongful use of its mark CHASE WHAT MATTERS. Rather than focusing on the sole subject for which it identifies a discovery "need," Northern Trust seeks essentially unlimited discovery as to numerous subjects well beyond determining the scope of Chase's use of CHASE WHAT MATTERS. *See supra* at 2-4. For example, Northern Trust's Document Request No. 16 , seeks discovery as to "marks, terms and phrases" considered *but not necessarily used* by Chase for its present advertising campaign. Obviously, there is no rational relation between marks, terms and phrases Chase considered but did not use, and determining the extent of Chase's use of CHASE WHAT MATTERS.

Much of Northern Trust's sought expedited discovery, *e.g.*, Document Request Nos. 2, 12 & 16, appears to seek information not about the extent of Chase's use of CHASE WHAT MATTERS, but rather about Chase's intent in adopting and using its mark. While an alleged trademark infringer's wrongful intent generally is relevant to a trademark infringement claim, where, as here, the plaintiff seeks recovery based upon a claim of "reverse confusion," the alleged trademark infringers intent, good or bad, is irrelevant. *See, e.g., Sands, Taylor & Wood Co. v. Quaker Oats Co.*, 978 F.2d 947, 957 (7th Cir. 1992). Seeking discovery, in particular expedited discovery, as to irrelevant information clearly is unreasonable.

Northern Trust seeks extensive and comprehensive discovery on a highly expedited basis respecting a numerous issues which necessarily calls for the production of substantial quantities of documents and information. While Northern Trust contends that its sought after expedited

5

CHIC_1750858.4

discovery is "narrowly tailored," this is facially incorrect. *See supra*. For example, despite purportedly seeking only information regarding the scope of Chase's allegedly infringing activities, Northern Trust also seeks through interrogatories an identification of persons most knowledgeable about Chase's conception, development, promotion, use, or planned use of its CHASE WHAT MATTERS mark, as well as additional information about each such person. Such requests are not reasonable the subject of expedited discovery in anticipation of a preliminary injunction hearing. *Philadelphia Newspapers, Inc.,* 1998 WL 404820 at *3. Similarly overbroad are Northern Trust's proposed requests for production, requests for admission, and Rule 30(b)(6) deposition topics, which call for discovery on numerous topics unrelated to the scope of Chase's allegedly infringing activities, including, but not limited to, the topics of: third party advertising agency and marketing firms used by Chase, future plans and expenditures related to Chase's CHASE WHAT MATTERS marketing campaign, Chase's purchase of part of Northern Rock's portfolio,[1] and the prosecution of Chase's application for registration of its CHASE WHAT MATTERS mark. Although it is questionable whether such overly broad requests should ever be allowed, such requests clearly are unreasonable and should be disallowed in the context of highly expedited discovery.

Northern Trust's expedited discovery requests also are is unreasonable because Northern Trust seeks to obtain cumulative information through different discovery mechanisms. The most egregious of these is the Rule 30(b)(6) deposition sought by Northern Trust, which identifies topics for deposition that are completely redundant of the proposed requests for production and requests for admission, except for topic regarding the organizational structure of Chase. *See*

---

[1] Northern Trust's obsession with a reported Chase purchase of a loan portfolio from nearly-failed *United Kingdom* mortgage lender Northern Rock PLC is not merely evidence of the over breadth of its expedited discovery requests, it has no possible relevance to this action.

Exhibits B, C, and D to Plaintiff's Motion. Northern Trust's proposed requests for production and requests for admission also overlap in areas, such as: trademark searches conducted by Chase, Chase's application for registration of its CHASE WHAT MATTERS mark, and Chase's advertisements and expenditures relating to its CHASE WHAT MATTERS advertising campaign. *See* Exhibits B and C to Plaintiff's Motion. Ordering this proposed discovery would cause Chase to provide duplicative information in multiple formats. While this might be permissible through normal discovery methods, where such overbroad and cumulative discovery is sought on a highly expedited basis, such cumulative requests should be disallowed as unreasonable.

For these reasons, Northern Trust's motion and its proposed discovery is unreasonable and should be denied. If, however, the Court is inclined to allow some limited discovery in this case, Chase respectfully proposes that the Court consider permitting Northern Trust to serve the proposed requests for admission at Exhibit C to its motion and to allow Chase to serve its own requests for admission narrowly tailored to issues to be presented during a hearing on Northern Trust's motion for a preliminary injunction.

## **CONCLUSION**

Northern Trust has failed to show a good cause for the requested expedited discovery. Chase therefore respectfully requests that the Court (1) deny Northern Trust's Motion for Expedited Discovery in its entirety or, alternatively, permitting Northern Trust to serve the proposed requests for admission at Exhibit C to its motion and allowing Chase to serve narrowly tailored, expedited requests for admission on issues to be presented during a hearing on a preliminary injunction; and (2) grant Chase such other and further relief as the Court deems just and equitable.

CHIC_1750858.4

Dated: January 23, 2008                    Respectfully submitted,


                                           By:      s/ Jennifer L. Gregor
                                           Craig S. Fochler (IL Bar No. 0840858)
                                           Charles R. Mandly, Jr. (IL Bar No. 6185827)
                                           Jennifer L. Gregor (IL Bar No. 6286281)
                                           FOLEY & LARDNER LLP
                                           321 North Clark Street, Suite 2800
                                           Chicago, IL 60610-4764
                                           312/832.4500
                                           312/832.4700 – Fax

                                           *Attorneys for Defendant*
                                           *JPMorgan Chase & Co.*

OF COUNSEL

Ira J. Levy
GOODWIN PROCTOR LLP
599 Lexington Avenue
New York, New York, 10022
212/459-8800
212/355-3333 – Fax
ilevy@goodwinproctor.com

8