# EXHIBIT 58

**Thank you for your request. Here are the latest results from the TARR web server.**

**This page was generated by the TARR system on** 2008-01-22 20:09:43 ET

**Serial Number:** 78924835 Assignment Information Trademark Document Retrieval

**Registration Number:** (NOT AVAILABLE)

**Mark**

PROTECTED PORTFOLIO

**(words only):** PROTECTED PORTFOLIO

**Standard Character claim:** Yes

**Current Status:** An office action making FINAL a refusal to register the mark has been mailed.

**Date of Status:** 2007-07-21

**Filing Date:** 2006-07-07

**Transformed into a National Application:** No

**Registration Date:** (DATE NOT AVAILABLE)

**Register:** Supplemental

**Law Office Assigned:** LAW OFFICE 101

**Attorney Assigned:**
DOMBROW COLLEEN M Employee Location

**Current Location:** L1X -TMEG Law Office 101 - Examining Attorney Assigned

**Date In Location:** 2007-07-21

---

## LAST APPLICANT(S)/OWNER(S) OF RECORD

1. JPMorgan Chase & Co.

**Address:**
JPMorgan Chase & Co.
270 Park Avenue
New York, NY 10017
United States
**Legal Entity Type:** Corporation
**State or Country of Incorporation:** Delaware

## GOODS AND/OR SERVICES

**International Class:** 036
**Class Status:** Active
Banking services; investment banking services
**Basis:** 1(a)
**First Use Date:** 2006-04-00
**First Use in Commerce Date:** 2006-04-00

## ADDITIONAL INFORMATION

(NOT AVAILABLE)

## MADRID PROTOCOL INFORMATION

(NOT AVAILABLE)

## PROSECUTION HISTORY

**NOTE: To view any document referenced below, click on the link to "Trademark Document Retrieval" shown near the top of this page.**

2008-01-15 - Teas/Email Correspondence Entered

2008-01-15 - Communication received from applicant

2008-01-15 - TEAS Request For Reconsideration Received

2007-07-21 - Notification Of Final Refusal Emailed

2007-07-21 - Final refusal e-mailed

2007-07-21 - Final Refusal Written

2007-06-26 - Amendment From Applicant Entered

2007-06-14 - Communication received from applicant

2007-06-26 - Teas/Email Correspondence Entered

2007-06-26 - Communication received from applicant

2007-06-26 - Assigned To LIE

2007-06-14 - PAPER RECEIVED

2007-06-08 - TEAS Response to Office Action Received

2006-12-08 - Non-final action e-mailed

2006-12-08 - Non-Final Action Written

2006-12-06 - Assigned To Examiner

2006-07-12 - New Application Entered In Tram

---

**ATTORNEY/CORRESPONDENT INFORMATION**

---

**Attorney of Record**
Dana Breitman

**Correspondent**
DANA BREITMAN
GOODWIN PROCTER, LLP
599 LEXINGTON AVE
NEW YORK, NY 10022-6030
Phone Number: 212-813-8800
Fax Number: 212-355-3333

---


Trademark Electronic Search System (TESS)

United States Patent and Trademark Office

Home | Site Index | Search | FAQ | Glossary | Guides | Contacts | eBusiness | eBiz alerts | News | Help

Trademarks > Trademark Electronic Search System (TESS)

*TESS was last updated on Tue Jan 22 04:11:06 EST 2008*

TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | BOTTOM | HELP

Logout Please logout when you are done to release system resources allocated for you.

## Record 1 out of 1

TARR Status | ASSIGN Status | TDR | TTAB Status *( Use the "Back" button of the Internet Browser to return to TESS)*

PROTECTED PORTFOLIO

| | |
|---|---|
| **Word Mark** | PROTECTED PORTFOLIO |
| **Goods and Services** | IC 036. US 100 101 102. G & S: Banking services; investment banking services. FIRST USE: 20060400. FIRST USE IN COMMERCE: 20060400 |
| **Standard Characters Claimed** | |
| **Mark Drawing Code** | (4) STANDARD CHARACTER MARK |
| **Serial Number** | **78924835** |
| **Filing Date** | July 7, 2006 |
| **Current Filing Basis** | 1A |
| **Original Filing Basis** | 1A |
| **Supplemental Register Date** | January 15, 2008 |
| **Owner** | (APPLICANT) JPMorgan Chase & Co. CORPORATION DELAWARE 270 Park Avenue New York NEW YORK 10017 |
| **Attorney of Record** | Dana Breitman |
| **Type of Mark** | SERVICE MARK |
| **Register** | SUPPLEMENTAL |
| **Live/Dead Indicator** | LIVE |

file:///G|/Jennifer%20Gregor/NT-Chase%20Documents%2...ming%20Rejections/Protected%20Portfolio-%20TESS.htm (1 of 2) [1/22/2008 7:43:53 PM]

Trademark Electronic Search System (TESS)

TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | TOP | HELP

| HOME | SITE INDEX| SEARCH | eBUSINESS | HELP | PRIVACY POLICY

file:///G|/Jennifer%20Gregor/NT-Chase%20Documents%2...ming%20Rejections/Protected%20Portfolio-%20TESS.htm (2 of 2) [1/22/2008 7:43:53 PM]

**To:** JPMorgan Chase & Co. (dbreitman@goodwinprocter.com)

**Subject:** TRADEMARK APPLICATION NO. 78924835 - PROTECTED PORTFOLIO - 100144.16341

**Sent:** 12/8/06 6:10:19 PM

**Sent As:** ECOM101@USPTO.GOV

**Attachments:** Attachment - 1
Attachment - 2
Attachment - 3
Attachment - 4
Attachment - 5
Attachment - 6
Attachment - 7
Attachment - 8
Attachment - 9
Attachment - 10
Attachment - 11
Attachment - 12
Attachment - 13
Attachment - 14
Attachment - 15
Attachment - 16
Attachment - 17
Attachment - 18
Attachment - 19
Attachment - 20
Attachment - 21
Attachment - 22
Attachment - 23
Attachment - 24

**[Important Email Information]**

## UNITED STATES PATENT AND TRADEMARK OFFICE

**SERIAL NO**: 78/924835

**APPLICANT**: JPMorgan Chase & Co.

*78924835*

**CORRESPONDENT ADDRESS**:
DANA BREITMAN
GOODWIN PROCTER, LLP
599 LEXINGTON AVE
NEW YORK, NY 10022-6030

**RETURN ADDRESS**:
Commissioner for Trademarks
P.O. Box 1451
Alexandria, VA 22313-1451

**MARK**: PROTECTED PORTFOLIO

**CORRESPONDENT'S REFERENCE/DOCKET NO**: 100144.16341

Please provide in all correspondence:

**CORRESPONDENT EMAIL ADDRESS**:
dbreitman@goodwinprocter.com

1. Filing date, serial number, mark and applicant's name.
2. Date of this Office Action.
3. Examining Attorney's name and Law Office number.
4. Your telephone number and e-mail address.

# OFFICE ACTION

**RESPONSE TIME LIMIT**: TO AVOID ABANDONMENT, THE OFFICE MUST RECEIVE A PROPER RESPONSE TO THIS OFFICE ACTION WITHIN 6 MONTHS OF THE MAILING OR E-MAILING DATE.

**MAILING/E-MAILING DATE INFORMATION**: If the mailing or e-mailing date of this Office action does not appear above, this information can be obtained by visiting the USPTO website at http://tarr.uspto.gov/, inserting the application serial number, and viewing the prosecution history for the mailing date of the most recently issued Office communication.

Serial Number 78/924835

The assigned trademark examining attorney has reviewed the referenced application and has determined the following:

**Section 2(d) Refusal to Register:**
Registration of the proposed mark is refused because of a likelihood of confusion with the mark in U.S. Registration No. 2816191. Trademark Act Section 2(d), 15 U.S.C. §1052(d); TMEP §§1207.01 *et seq*. See the enclosed registration.

Taking into account the relevant *du Pont* factors, a likelihood of confusion determination in this case involves a two-part analysis. First, the marks are compared for similarities in appearance, sound, connotation and commercial impression. *In re E .I. du Pont de Nemours & Co.*, 476 F.2d 1357, 177 USPQ 563 (C.C.P.A. 1973). Second, the goods or services are compared to determine whether they are similar or related or whether the activities surrounding their marketing are such that confusion as to origin is likely. *In re National Novice Hockey League, Inc.*, 222 USPQ 638 (TTAB 1984); *In re August Storck KG*, 218 USPQ 823 (TTAB 1983); *In re Int'l Tel. and Tel. Corp.*, 197 USPQ 910 (TTAB 1978); *Guardian Prods. Co., v. Scott Paper Co.*, 200 USPQ 738 (TTAB 1978); TMEP §§1207.01 *et seq*.

Similarity of Marks:
The applicant's mark is PROTECTED PORTFOLIO. The registrant's mark is SUZE ORMAN'S PROTECTION PORTFOLIO. The applicant's mark is similar to the registrant's mark because they both contain similar wording.

Marks may be confusingly similar in appearance where there are similar terms or phrases or similar parts of terms or phrases appearing in both applicant's and registrant's mark. *See e.g., Crocker Nat'l Bank v. Canadian Imperial Bank of Commerce*, 228 USPQ 689 (TTAB 1986), *aff'd* 1 USPQ2d 1813 (Fed. Cir. 1987) (COMMCASH and COMMUNICASH); *In re Phillips-Van Heusen Corp.*, 228 USPQ 949 (TTAB 1986) (21 CLUB and "21" CLUB (stylized)); *In re Corning Glass Works*, 229 USPQ 65 (TTAB 1985) (CONFIRM and CONFIRMCELLS); *In re Collegian Sportswear Inc.*, 224 USPQ 174 (TTAB 1984) (COLLEGIAN OF CALIFORNIA and COLLEGIENNE); *In re Pellerin Milnor Corp.*, 221 USPQ 558 (TTAB 1983) (MILTRON and MILLTRONICS); *In re BASF A.G.*, 189 USPQ 424 (TTAB 1975) (LUTEXAL and

LUTEX); TMEP §§1207.01(b)(ii) and (b)(iii).

Because the applicant's mark contains similar wording to the registrant's marks, the overall commercial impression of the marks is similar.

Relatedness of Goods/Services:
The applicant's services are "Banking services; investment banking services." The registrant's services are, "financial investment services in the field of real estate and securities; financial analysis and consultation; financial management; financial planning; financial portfolio management; financial research; monetary exchange; real estate brokerage services; real estate acquisition services; real estate agencies; real estate appraisal; real estate investment; real estate management; investment banking services; commodity investment advice; and mutual fund investment." The applicant's services are identical to the registrant's services because both contain banking investment services and related banking services.

Accordingly, because confusion as to source is likely, registration is refused under Trademark Act Section 2(d) based on a likelihood of confusion.

Applicant should note the following additional ground for refusal.

**Section 2(e)(1) Refusal to Register:**
Registration is refused because the proposed mark merely describes feature or characteristic of applicant's goods and/or services. Trademark Act Section 2(e)(1), 15 U.S.C. §1052(e)(1); TMEP §§1209 *et seq.*

A mark is merely descriptive under Section 2(e)(1) if it describes an ingredient, quality, characteristic, function, feature, purpose or use of the specified goods and/or services. *In re Gyulay*, 820 F.2d 1216, 3 USPQ2d 1009 (Fed. Cir. 1987); *In re Bed & Breakfast Registry*, 791 F.2d 157, 229 USPQ 818 (Fed. Cir. 1986); *In re MetPath Inc.*, 223 USPQ 88 (TTAB 1984); *In re Bright-Crest, Ltd.*, 204 USPQ 591 (TTAB 1979); TMEP §1209.01(b). A mark that describes an intended user of a product or service is also merely descriptive within the meaning of Section 2(e)(1). *See Hunter Publ'g Co. v. Caulfield Publ'g, Ltd.*, 1 USPQ2d 1996 (TTAB 1986); *In re Camel Mfg. Co.*, 222 USPQ 1031 (TTAB 1984).

The determination of whether a mark is merely descriptive is considered in relation to the identified goods and/or services, not in the abstract. *In re Abcor Dev. Corp.*, 588 F.2d 811, 814, 200 USPQ 215, 218 (CCPA 1978); *see, e.g., In re Polo Int'l Inc.*, 51 USPQ2d 1061 (TTAB 1999) (DOC in DOC-CONTROL would be understood to refer to the "documents" managed by applicant's software, not "doctor" as shown in dictionary definition); *In re Digital Research Inc.*, 4 USPQ2d 1242 (TTAB 1987) (CONCURRENT PC-DOS found merely descriptive of "computer programs recorded on disk" where relevant trade uses the denomination "concurrent" as a descriptor of this particular type of operating system); *see* TMEP §1209.01(b).

The applicant's mark is PROTECTED PORTFOLIO for "Banking services; investment banking services." Please see the attached Internet website definition that defines PROTECTED PORTFOLIO LOAN as "A variation on margin trading, with the benefit that the borrower is protected from an unwelcome drop in the market. A borrower is able to get 100 per cent funding for an investment in equities and insurance against losses." PROTECTED PORTFOLIO merely describes the applicant's services, specifically, the applicant's banking and investment banking services offer protected portfolio loans. Additionally, please see the attached Internet website evidence which shows that investment companies offer protected portfolios.

Accordingly, because the applicant's mark merely describes a feature or characteristic of the applicant's services, registration is refused under Trademark Act Section 2(e)(1).

Although the trademark examining attorney has refused registration, applicant may respond to the refusal to register by submitting evidence and arguments in support of registration.

If applicant chooses to respond to the refusal(s) to register, then applicant must also respond to the following requirement(s).

**Significance:**
Applicant must specify whether the wording "PROTECTED PORTFOLIO" or "PROTECTED" or "PORTFOLIO" has any significance in the relevant trade or industry or as applied to the goods/services described in the application. 37 C.F.R. §2.61(b).

**Specimen:**
The specimen is not acceptable because it does not show the applied-for mark in use in commerce. An application based on Section 1(a) must include a specimen showing the applied-for mark in use in commerce for each class of services. Trademark Act Sections 1, 2, 3 and 45, 15 U.S.C. §§1051-1053 and 1127; 37 C.F.R. §§2.34(a)(1)(iv) and 2.56; TMEP §904.11.

The specimen consists of a prospectus and is unacceptable as evidence of actual service mark use because it does not show the mark as it is used in commerce in the sale or advertising of the services. Thus, it fails to show proper use of the applied-for mark in the sale or advertising of the services. Specifically, a prospectus is not considered advertising as it states, "This prospectus is not an offer to sell these securities and is not soliciting an offer to buy these securities in any state where the offer or sale is not permitted."

Additionally, the originally submitted specimen is unacceptable because it appears to be temporary in nature. Specifically, the specimen consists of a prospectus, which states "The information in this prospectus is not complete and may be changed." Therefore, applicant must submit a specimen of a more permanent nature. 37 C.F.R. §2.61(b); TMEP §904.04.

Therefore, applicant must submit the following:

(1) A substitute specimen showing the mark in use in commerce for the services specified in the application; and

(2) The following statement, verified with an affidavit or signed declaration under 37 C.F.R. §2.20: "**The substitute specimen was in use in commerce at least as early as the filing date of the application**." 37 C.F.R. §2.59(a); TMEP §904.09. If submitting a specimen requires an amendment to the dates of use, applicant must also verify the amended dates. 37 C.F.R. §2.71(c).

Examples of specimens for services are signs, photographs, brochures, website printouts or advertisements that show the mark used in the sale or advertising of the services. TMEP §§1301.04 *et seq*.

If applicant cannot satisfy the above requirements, applicant may amend the Section 1(a) filing basis (use in commerce) to Section 1(b) (intent to use basis), for which no specimen is required. However, should applicant amend the basis to Section 1(b), registration cannot be granted until applicant later amends the application back to use in commerce by filing an acceptable allegation of use with a proper specimen. 15 U.S.C. §1051(c); 37 C.F.R. §§2.76, 2.88; TMEP Chapter 1100.

In order to amend to Section 1(b), applicant must submit the following statement, verified with an affidavit or signed declaration under 37 C.F.R. §2.20: "**Applicant has had a bona fide intention to use the mark in commerce on or in connection with the goods or services listed in the application as of the filing date of the application.**" 15 U.S.C. §1051(b); 37 C.F.R. §§2.34(a)(2) and 2.35(b)(1); TMEP §806.01(b).

Pending a proper response, registration is refused because the specimen does not show the applied-for mark in use in commerce for the services specified in the application. 15 U.S.C. §§1051-1053 and 1127; 37 C.F.R. §§2.34(a)(1)(iv) and 2.56.

**Mark Differs on Drawing and Specimen:**
The mark on the drawing page does not agree with the mark as it appears on the specimen. The mark submitted for registration must be a substantially exact representation of the mark that appears on the specimen. 37 C.F.R. §2.51.

In this case, the drawing displays the mark as PROTECTED PORTFOLIO, while the specimen shows the mark as S&P 500 PROTECTED PORTFOLIO.

Applicant may not submit an amended drawing to conform to the display on the specimen because the character of the mark would be materially altered; in other words, the mark on the specimen creates a different commercial impression from the mark on the drawing. 37 C.F.R. §2.72(a); TMEP §§807.12, 807.12(a), 807.14 *et seq.* and 904.09.

Therefore, applicant must submit the following:

(1) A substitute specimen that shows the mark that appears on the drawing; and

(2) The following statement, verified with an affidavit or signed declaration under 37 C.F.R. §2.20: **"The substitute specimen was in use in commerce at least as early as the filing date of the application."** 37 C.F.R. §2.59(a); TMEP §904.09. If submitting a specimen requires an amendment to the dates of use, applicant must also verify the amended dates. 37 C.F.R. §2.71(c).

If applicant cannot satisfy the above requirements, applicant may amend the Section 1(a) filing basis (use in commerce) to Section 1(b) (intent to use basis), for which no specimen is required. However, should applicant amend the basis to Section 1(b), registration cannot be granted until applicant later amends the application back to use in commerce by filing an acceptable allegation of use with a proper specimen. 15 U.S.C. §1051(c); 37 C.F.R. §§2.76, 2.88; TMEP Chapter 1100.

In order to amend to Section 1(b), applicant must submit the following statement, verified with an affidavit or signed declaration under 37 C.F.R. §2.20: **"Applicant has had a bona fide intention to use the mark in commerce on or in connection with the goods or services listed in the application as of the filing date of the application."** 15 U.S.C. §1051(b); 37 C.F.R. §§2.34(a)(2) and 2.35(b)(1); TMEP §806.01(b).

If applicant has questions about its application or needs assistance in responding to this Office action, please telephone the assigned trademark examining attorney directly at the number below.

/Colleen Dombrow/

Trademark Attorney

Law Office 101

Direct Dial: (571) 272-8262

Facsimile: (571) 273-9101

**HOW TO RESPOND TO THIS OFFICE ACTION:**

- ONLINE RESPONSE: You may respond using the Office's Trademark Electronic Application System (TEAS) Response to Office action form available on our website at http://www.uspto.gov/teas/index.html. If the Office action issued via e-mail, you must wait 72 hours after receipt of the Office action to respond via TEAS. **NOTE: Do not respond by e-mail. THE USPTO WILL NOT ACCEPT AN E-MAILED RESPONSE**.
- REGULAR MAIL RESPONSE: To respond by regular mail, your response should be sent to the mailing return address above, and include the serial number, law office number, and examining attorney's name. **NOTE: The filing date of the response will be the *date of receipt in the Office,*** not the postmarked date. To ensure your response is timely, use a certificate of mailing. 37 C.F.R. §2.197.

**STATUS OF APPLICATION:** To check the status of your application, visit the Office's Trademark Applications and Registrations Retrieval (TARR) system at http://tarr.uspto.gov.

**VIEW APPLICATION DOCUMENTS ONLINE:** Documents in the electronic file for pending applications can be viewed and downloaded online at http://portal.uspto.gov/external/portal/tow.

**GENERAL TRADEMARK INFORMATION:** For general information about trademarks, please visit the Office's website at http://www.uspto.gov/main/trademarks.htm

**FOR INQUIRIES OR QUESTIONS ABOUT THIS OFFICE ACTION, PLEASE CONTACT THE ASSIGNED EXAMINING ATTORNEY SPECIFIED ABOVE.**

**Note:**

**In order to avoid size limitation constraints on large e-mail messages, this Office Action has been split into 6 smaller e-mail messages. The Office Action in its entirety consists of this message as well as the following attachments that you will receive in separate messages:**

Email 1 includes the following 4 attachments

1. protected1

2. protected2-1

3. protected2-2

4. protected4-1

Email 2 includes the following 7 attachments

1. protected4-2

2. protected4-3

3. 76417707P001OF003

4. 76417707P002OF003

5. 76417707P003OF003

6. protected3-1

7. protected3-2

Email 3 includes the following 4 attachments

1. protected3-3

2. protected3-4

3. protected3-5

4. protected3-6

Email 4 includes the following 4 attachments

1. protected3-7

2. protected3-8

3. protected3-9

4. protected5-1

Email 5 includes the following 4 attachments

1. protected5-2

2. protected5-3

3. protected5-4

4. protected6-1

Email 6 includes the following 1 attachment

1. protected6-2

Please ensure that you receive all of the aforementioned attachments, and if you do not, please contact the assigned-examining attorney.