**EXHIBIT 59**

**Thank you for your request. Here are the latest results from the TARR web server.**

**This page was generated by the TARR system on** 2008-01-22 20:10:59 ET

**Serial Number:** 78525371 Assignment Information          Trademark Document Retrieval

**Registration Number:** 3340975

**Mark**

# CHASE EQUILINE

**(words only):** CHASE EQUILINE

**Standard Character claim:** Yes

**Current Status:** Registered.

**Date of Status:** 2007-11-20

**Filing Date:** 2004-12-01

**Transformed into a National Application:** No

**Registration Date:** 2007-11-20

**Register:** Principal

**Law Office Assigned:** LAW OFFICE 117

**If you are the applicant or applicant's attorney and have questions about this file, please contact the Trademark Assistance Center at TrademarkAssistanceCenter@uspto.gov**

**Current Location:** 650 -Publication And Issue Section

**Date In Location:** 2007-10-15

## LAST APPLICANT(S)/OWNER(S) OF RECORD

1. JPMorgan Chase & Co.

**Address:**
JPMorgan Chase & Co.
270 Park Avenue
New York, NY 10017
United States
**Legal Entity Type:** Corporation
**State or Country of Incorporation:** Delaware

## GOODS AND/OR SERVICES

**International Class:** 036
**Class Status:** Active
Financial services, namely, home equity line of credit services and credit card services
**Basis:** 1(a)
**First Use Date:** 2005-03-00
**First Use in Commerce Date:** 2005-03-00

## ADDITIONAL INFORMATION

**Prior Registration Number(s):**
1521756

## MADRID PROTOCOL INFORMATION

(NOT AVAILABLE)

## PROSECUTION HISTORY

**NOTE: To view any document referenced below, click on the link to "Trademark Document Retrieval" shown near the top of this page.**

2007-11-20 - Registered - Principal Register

2007-10-15 - Law Office Registration Review Completed

2007-10-15 - Assigned To LIE

2007-09-13 - Allowed for Registration - Principal Register (SOU accepted)

2007-08-27 - Statement of use processing complete

2007-07-23 - Amendment to Use filed

2007-07-23 - TEAS Statement of Use Received

2007-06-13 - Extension 2 granted

2007-06-13 - Extension 2 filed

2007-06-13 - TEAS Extension Received

2006-12-13 - Extension 1 granted

2006-12-13 - Extension 1 filed

2006-12-13 - TEAS Extension Received

2006-06-13 - Notice of allowance - mailed

2006-03-21 - Published for opposition

2006-03-01 - Notice of publication

2006-02-07 - Law Office Publication Review Completed

2006-02-03 - Assigned To LIE

2006-02-01 - Approved for Pub - Principal Register (Initial exam)

2006-01-18 - Amendment From Applicant Entered

2006-01-09 - Communication received from applicant

2006-01-09 - PAPER RECEIVED

2005-07-07 - Non-final action mailed

2005-07-06 - Non-Final Action Written

2005-07-05 - Assigned To Examiner

2004-12-09 - New Application Entered In Tram

# ATTORNEY/CORRESPONDENT INFORMATION

**Attorney of Record**

Dana Breitman

**Correspondent**

Dana Breitman

GOODWIN PROCTER LLP

599 LEXINGTON AVE

NEW YORK NY 10022-6030

Phone Number: 212.813.8800

Fax Number: 212.355.3333



**United States Patent and Trademark Office**

Home | Site Index | Search | FAQ | Glossary | Guides | Contacts | eBusiness | eBiz alerts | News | Help

**Trademarks** > **Trademark Electronic Search System (TESS)**

*TESS was last updated on Tue Jan 22 04:11:06 EST 2008*

| TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | BOTTOM | HELP |

Please logout when you are done to release system resources allocated for you.

# Record 1 out of 1

| TARR Status | ASSIGN Status | TDR | TTAB Status | *( Use the "Back" button of the Internet Browser to return to TESS)* |

## CHASE EQUILINE

| | |
|---|---|
| **Word Mark** | CHASE EQUILINE |
| **Goods and Services** | IC 036. US 100 101 102. G & S: Financial services, namely, home equity line of credit services and credit card services. FIRST USE: 20050300. FIRST USE IN COMMERCE: 20050300 |
| **Standard Characters Claimed** | |
| **Mark Drawing Code** | (4) STANDARD CHARACTER MARK |
| **Serial Number** | 78525371 |
| **Filing Date** | December 1, 2004 |
| **Current Filing Basis** | 1A |
| **Original Filing Basis** | 1B |
| **Published for Opposition** | March 21, 2006 |
| **Registration Number** | **3340975** |
| **Registration Date** | November 20, 2007 |
| **Owner** | (REGISTRANT) JPMorgan Chase & Co. CORPORATION DELAWARE 270 Park Avenue New York NEW YORK 10017 |
| **Attorney of Record** | Dana Breitman |

**Prior Registrations**    1521756;AND OTHERS

**Type of Mark**    SERVICE MARK

**Register**    PRINCIPAL

**Live/Dead Indicator**    LIVE

TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | TOP | HELP

| HOME | SITE INDEX | SEARCH | eBUSINESS | HELP | PRIVACY POLICY

# UNITED STATES PATENT AND TRADEMARK OFFICE

**SERIAL NO**:        78/525371

**APPLICANT**:        JPMorgan Chase & Co.

**\*78525371\***

**CORRESPONDENT ADDRESS**:

     JESSICA L.  ROTHSTEIN
     GOODWIN PROCTER LLP
     599 LEXINGTON AVE
     NEW YORK, NY 10022-6030

**RETURN ADDRESS**:

Commissioner for Trademarks
P.O. Box 1451
Alexandria, VA 22313-1451

**MARK**:        CHASE EQUILINE

**CORRESPONDENT'S REFERENCE/DOCKET NO**:   100144.13795

**CORRESPONDENT EMAIL ADDRESS**:

Please provide in all correspondence:

1.  Filing date, serial number, mark and
   applicant's name.
2.  Date of this Office Action.
3.  Examining Attorney's name and
   Law Office number.
4.  Your telephone number and e-mail address.

# OFFICE ACTION

**RESPONSE TIME LIMIT**:  TO AVOID ABANDONMENT, THE OFFICE MUST RECEIVE A PROPER RESPONSE TO THIS OFFICE ACTION WITHIN 6 MONTHS OF THE MAILING OR E-MAILING DATE.

Serial Number  78/525371

The assigned examining attorney has reviewed the referenced application and determined the following.

## LIKELIHOOD OF CONFUSION

The examining attorney refuses registration under Trademark Act Section 2(d), 15 U.S.C. §1052(d), because the applicant's mark, when used on or in connection with the identified services, so resembles the mark in U.S. Registration No. 1123243 as to be likely to cause confusion, to cause mistake, or to deceive.  TMEP §§1207.01 *et seq*.  See the enclosed registration.

The examining attorney must analyze each case in two steps to determine whether there is a likelihood of confusion.  First, the examining attorney must look at the marks themselves for similarities in appearance, sound, connotation and commercial impression.  *In re E. I. DuPont de Nemours & Co.*, 476 F.2d 1357, 177 USPQ 563 (C.C.P.A. 1973).  Second,

the examining attorney must compare the goods or services to determine if they are related or if the activities surrounding their marketing are such that confusion as to origin is likely. *In re August Storck KG*, 218 USPQ 823 (TTAB 1983); *In re International Telephone and Telegraph Corp.*, 197 USPQ 910 (TTAB 1978); *Guardian Products Co., v. Scott Paper Co.*, 200 USPQ 738 (TTAB 1978). TMEP §§1207.01 *et seq.*

The applicant's mark, CHASE EQUILINE, encompasses the wording of the registrant's mark, CHASE. The examiner notes that the registrant's mark contains a design element. When a mark consists of a word portion and a design portion, the word portion is more likely to be impressed upon a purchaser's memory and to be used in calling for the goods or services. *In re Appetito Provisions Co.*, 3 USPQ2d 1553 (TTAB 1987); *Amoco Oil Co. v. Amerco, Inc.*, 192 USPQ 729 (TTAB 1976). For this reason, the examining attorney must give greater weight to the literal portions of the marks in determining whether there is a likelihood of confusion. The wording CHASE is the initial term in the applicant's mark and the whole of the wording in the registrant's mark. The mere addition of a term to a registered mark, in this case EQUILINE, does not obviate the similarity between the marks nor does it overcome a likelihood of confusion under Section 2(d). *In re Chatam International Inc.*, 380 F.3d 1340, 71 USPQ2d 1944 (Fed. Cir. 2004) ("GASPAR'S ALE and "JOSE GASPAR GOLD"); *Coca-Cola Bottling Co. v. Joseph E. Seagram & Sons, Inc.*, 526 F.2d 556, 188 USPQ 105 (C.C.P.A. 1975) ("BENGAL" and "BENGAL LANCER"); *Lilly Pulitzer, Inc. v. Lilli Ann Corp.*, 376 F.2d 324, 153 USPQ 406 (C.C.P.A. 1967) ("THE LILLY" and "LILLI ANN"); *In re El Torito Rests. Inc.*, 9 USPQ2d 2002 (TTAB 1988) ("MACHO" and "MACHO COMBOS"); *In re United States Shoe Corp.*, 229 USPQ 707 (TTAB 1985) ("CAREER IMAGE" and "CREST CAREER IMAGES"); *In re Corning Glass Works*, 229 USPQ 65 (TTAB 1985) ("CONFIRM" and "CONFIRMCELLS"); *In re Riddle*, 225 USPQ 630 (TTAB 1985) ("ACCUTUNE" and "RICHARD PETTY'S ACCU TUNE"); *In re Cosvetic Laboratories, Inc.*, 202 USPQ 842 (TTAB 1979) ("HEAD START" and "HEAD START COSVETIC"); TMEP §1207.01(b)(iii).

The registrant's mark is for use in connection with "banking services-namely, financing, credit and loan services, compound interest accounts, checking accounts, special checking accounts, foreign exchange, letters of credit and travelers' checks, commercial savings and trust department services, and savings bank centers." The applicant proposes using the mark in connection with "financial services, including-- home equity line of credit (HELOC) services and credit card services." The services provided by the registrant are presumed to include those provided by the applicant, as the services of both parties include financial services relating to credit and loan services. Consumers are likely to believe that the goods emanate from a common source.

Overall, the similarities among the marks and the services are so great as to create a likelihood of confusion. The examining attorney must resolve any doubt regarding a likelihood of confusion in favor of the prior registrant. *In re Hyper Shoppes (Ohio), Inc.*, 837 F.2d 463, 6 USPQ2d 1025 (Fed. Cir., 1988).

Note: If the mark in the cited registration has been assigned to applicant, then applicant must prove ownership of that mark. TMEP §812.01. Applicant may record the assignment with the Assignment Services Division of the Office. Trademark Act Section 10, 15 U.S.C. §1060; 37 C.F.R. §3.25; TMEP §§503 *et seq*. Applicant should then notify the trademark examining attorney when the assignment has been recorded.

In the alternative, applicant may submit evidence of the assignment of the mark to applicant, such as: (1) documents evidencing the chain of title; or (2) an explanation of the chain of title (specifying each party in the chain, the nature of each conveyance, and the relevant dates), supported by an affidavit or a signed declaration under 37 C.F.R. §2.20. 37 C.F.R. §3.73; TMEP §502.02(a).

## **INFORMALITIES**

If the applicant chooses to respond to the refusal to register, the applicant must also respond to the following informalities.

**Recitation of Services**

The recitation of services is unacceptable as indefinite because "including" is indefinite and must be changed to "namely. The abbreviation HELOC should be deleted, as the common term that it represents is more readily recognizable and already included in the recitation. TMEP section 1402.11. The applicant may adopt the following recitation, if accurate:

> Financial services, namely home equity line of credit services and credit card services, in IC 036.

Please note that, while an application may be amended to clarify or limit the identification, additions to the identification are not permitted. 37 C.F.R. §2.71(a); TMEP §1402.06. Therefore, the applicant may not amend to include any services that are not within the scope of the services recited in the present identification.

For additional information regarding acceptable identifications, the *Trademark Manual of Acceptable Identifications and Classifications for Goods and Services* is accessible on the world wide web at http://www.uspto.gov/web/offices/tac/doc/gsmanual.

**Ownership of Prior Registration**

If the applicant is the owner of Registration No. 1521765, the applicant must submit a claim of ownership. 37 C.F.R. §2.36; TMEP §812.

## **RESPONSE**

Although the examining attorney has refused registration, the applicant may respond to the refusal to register by submitting evidence and arguments in support of registration.

No set form is required for response to this Office action. The applicant must respond to each point raised. The applicant should simply set forth the required changes or statements and request that the Office enter them. The applicant must sign the response. In addition to the identifying information required at the beginning of this letter, the applicant should provide a telephone number to speed up further processing.

If the applicant has any questions or needs assistance in responding to this Office action, please telephone the assigned examining attorney.

/Linda A. Powell/

Trademark Examining Attorney

Law Office 106

(571) 272-9327

(571) 273-9106 fax

**HOW TO RESPOND TO THIS OFFICE ACTION:**
- ONLINE RESPONSE:  You may respond formally using the Office's Trademark Electronic Application System (TEAS) Response to Office Action form (visit http://www.uspto.gov/teas/index.html and follow the instructions, but if the Office Action has been issued via email, you must wait 72 hours after receipt of the Office Action to respond via TEAS).
- REGULAR MAIL RESPONSE:  To respond by regular mail, your response should be sent to the mailing return address above and include the serial number, law office number and examining attorney's name in your response.

**STATUS OF APPLICATION:** To check the status of your application, visit the Office's Trademark Applications and Registrations Retrieval (TARR) system at http://tarr.uspto.gov.

**VIEW APPLICATION DOCUMENTS ONLINE:** Documents in the electronic file for pending applications can be viewed and downloaded online at http://portal.uspto.gov/external/portal/tow.

**GENERAL TRADEMARK INFORMATION:** For general information about trademarks, please visit the Office's website at http://www.uspto.gov/main/trademarks.htm

**FOR INQUIRIES OR QUESTIONS ABOUT THIS OFFICE ACTION, PLEASE CONTACT THE ASSIGNED EXAMINING ATTORNEY SPECIFIED ABOVE.**