# EXHIBIT 60

**Thank you for your request. Here are the latest results from the TARR web server.**

This page was generated by the TARR system on 2008-01-22 20:12:04 ET

**Serial Number:** 78925528   Assignment Information        Trademark Document Retrieval

**Registration Number:** (NOT AVAILABLE)

**Mark**

# CLASSIC BENEFITS

**(words only):** CLASSIC BENEFITS

**Standard Character claim:** Yes

**Current Status:** Final review prior to publication has been completed, application will be published for opposition.

**Date of Status:** 2007-12-28

**Filing Date:** 2006-07-10

**The Information will be/was published in the Official Gazette on** 2008-02-05

**Transformed into a National Application:** No

**Registration Date:** (DATE NOT AVAILABLE)

**Register:** Principal

**Law Office Assigned:** LAW OFFICE 101

**Attorney Assigned:**
DOMBROW COLLEEN M Employee Location

**Current Location:** 650 -Publication And Issue Section

**Date In Location:** 2007-12-28

## LAST APPLICANT(S)/OWNER(S) OF RECORD

1. JPMorgan Chase & Co.

**Address:**
JPMorgan Chase & Co.
270 Park Avenue
New York, NY 10017
United States
**Legal Entity Type:** Corporation
**State or Country of Incorporation:** Delaware

## GOODS AND/OR SERVICES

**International Class:** 036
**Class Status:** Active
Banking services
**Basis:** 1(b)
**First Use Date:** (DATE NOT AVAILABLE)
**First Use in Commerce Date:** (DATE NOT AVAILABLE)

## ADDITIONAL INFORMATION

**Disclaimer:** "BENEFITS"

**Prior Registration Number(s):**
1460321
1818561

## MADRID PROTOCOL INFORMATION

(NOT AVAILABLE)

## PROSECUTION HISTORY

**NOTE: To view any document referenced below, click on the link to "Trademark Document Retrieval" shown near the top of this page.**

2008-01-16 - Notice of publication

2007-12-28 - Law Office Publication Review Completed

2007-12-18 - Approved for Pub - Principal Register (Initial exam)

2007-12-13 - Teas/Email Correspondence Entered

2007-12-13 - Communication received from applicant

2007-12-13 - TEAS Response to Office Action Received

2007-07-10 - Notification Of Non-Final Action E-Mailed

2007-07-10 - NON-FINAL ACTION E-MAILED

2007-07-10 - Non-Final Action Written

2007-06-22 - Amendment From Applicant Entered

2007-06-22 - Communication received from applicant

2007-06-22 - Assigned To LIE

2007-06-11 - PAPER RECEIVED

2007-06-07 - Teas/Email Correspondence Entered

2007-06-06 - Communication received from applicant

2007-06-06 - TEAS Response to Office Action Received

2006-12-14 - Non-final action e-mailed

2006-12-14 - Non-Final Action Written

2006-12-06 - Assigned To Examiner

2006-07-13 - New Application Entered In Tram

---

## ATTORNEY/CORRESPONDENT INFORMATION

**Attorney of Record**
Dana Breitman

**Correspondent**

DANA BREITMAN
GOODWIN PROCTER LLP
599 LEXINGTON AVE
NEW YORK, NY 10022-6030
Phone Number: 212-813-8800
Fax Number: 212-355-3333

 **United States Patent and Trademark Office**

Home | Site Index | Search | FAQ | Glossary | Guides | Contacts | eBusiness | eBiz alerts | News | Help

**Trademarks** > **Trademark Electronic Search System (TESS)**

TESS was last updated on Tue Jan 22 04:11:06 EST 2008

[TESS HOME] [NEW USER] [STRUCTURED] [FREE FORM] [BROWSE DICT] [SEARCH OG] [BOTTOM] [HELP]

Please logout when you are done to release system resources allocated for you.

**Record 1 out of 1**

[TARR Status] [ASSIGN Status] [TDR] [TTAB Status] *( Use the "Back" button of the Internet Browser to return to TESS)*

# CLASSIC BENEFITS

| | |
|---|---|
| **Word Mark** | CLASSIC BENEFITS |
| **Goods and Services** | IC 036. US 100 101 102. G & S: Banking services |
| **Standard Characters Claimed** | |
| **Mark Drawing Code** | (4) STANDARD CHARACTER MARK |
| **Serial Number** | 78925528 |
| **Filing Date** | July 10, 2006 |
| **Current Filing Basis** | 1B |
| **Original Filing Basis** | 1A |
| **Published for Opposition** | February 5, 2008 |
| **Owner** | (APPLICANT) JPMorgan Chase & Co. CORPORATION DELAWARE 270 Park Avenue New York NEW YORK 10017 |
| **Attorney of Record** | Dana Breitman |
| **Prior Registrations** | 1460321;1818561 |
| **Disclaimer** | NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "BENEFITS" APART FROM THE MARK AS SHOWN |
| **Type of Mark** | SERVICE MARK |

| | |
|---|---|
| **Register** | PRINCIPAL |
| **Live/Dead Indicator** | LIVE |

[TESS HOME] [NEW USER] [STRUCTURED] [FREE FORM] [BROWSE DICT] [SEARCH OG] [TOP] [HELP]

| **HOME** | **SITE INDEX** | **SEARCH** | **eBUSINESS** | **HELP** | **PRIVACY POLICY**

| | |
|---|---|
| **To:** | JPMorgan Chase & Co. (dbreitman@goodwinprocter.com) |
| **Subject:** | TRADEMARK APPLICATION NO. 78925528 - CLASSIC BENEFITS - 100144161553 |
| **Sent:** | 12/14/06 4:31:52 PM |
| **Sent As:** | ECOM101@USPTO.GOV |
| **Attachments:** | Attachment - 1 |
| | Attachment - 2 |
| | Attachment - 3 |
| | Attachment - 4 |
| | Attachment - 5 |
| | Attachment - 6 |
| | Attachment - 7 |
| | Attachment - 8 |
| | Attachment - 9 |
| | Attachment - 10 |
| | Attachment - 11 |
| | Attachment - 12 |
| | Attachment - 13 |
| | Attachment - 14 |
| | Attachment - 15 |
| | Attachment - 16 |
| | Attachment - 17 |
| | Attachment - 18 |
| | Attachment - 19 |
| | Attachment - 20 |
| | Attachment - 21 |
| | Attachment - 22 |
| | Attachment - 23 |
| | Attachment - 24 |
| | Attachment - 25 |

# UNITED STATES PATENT AND TRADEMARK OFFICE

**SERIAL NO**:     78/925528

**APPLICANT**:    JPMorgan Chase & Co.

**\*78925528\***

**CORRESPONDENT ADDRESS**:
   DANA BREITMAN
   GOODWIN PROCTER LLP
   599 LEXINGTON AVE
   NEW YORK, NY 10022-6030

**RETURN ADDRESS**:
Commissioner for Trademarks
P.O. Box 1451
Alexandria, VA 22313-1451

**MARK**:   CLASSIC BENEFITS

**CORRESPONDENT'S REFERENCE/DOCKET NO**:  100144161553      Please provide in all correspondence:

**CORRESPONDENT EMAIL ADDRESS**:
dbreitman@goodwinprocter.com

1. Filing date, serial number, mark and applicant's name.
2. Date of this Office Action.
3. Examining Attorney's name and Law Office number.
4. Your telephone number and e-mail address.

# OFFICE ACTION

**RESPONSE TIME LIMIT**:  TO AVOID ABANDONMENT, THE OFFICE MUST RECEIVE A PROPER RESPONSE TO THIS OFFICE ACTION WITHIN 6 MONTHS OF THE MAILING OR E-MAILING DATE.

**MAILING/E-MAILING DATE INFORMATION**:  If the mailing or e-mailing date of this Office action does not appear above, this information can be obtained by visiting the USPTO website at http://tarr.uspto.gov/, inserting the application serial number, and viewing the prosecution history for the mailing date of the most recently issued Office communication.

Serial Number  78/925528

The assigned trademark examining attorney has reviewed the referenced application and has determined the following:

**Section 2(d) Refusal to Register:**
Registration of the proposed mark is refused because of a likelihood of confusion with the mark in U.S. Registration No. 1518287.  Trademark Act Section 2(d), 15 U.S.C. §1052(d); TMEP §§1207.01 *et seq*.  See the enclosed registration.

Taking into account the relevant *du Pont* factors, a likelihood of confusion determination in this case involves a two-part analysis.  First, the marks are compared for similarities in appearance, sound, connotation and commercial impression.  *In re E .I. du Pont de Nemours & Co.*, 476 F.2d 1357, 177 USPQ 563 (C.C.P.A. 1973).  Second, the goods or services are compared to determine whether they are similar or related or whether the activities surrounding their marketing are such that confusion as to origin is likely.  *In re National Novice Hockey League, Inc*., 222 USPQ 638 (TTAB 1984); *In re August Storck KG,* 218 USPQ 823 (TTAB 1983); *In re Int'l Tel. and Tel. Corp.*, 197 USPQ 910 (TTAB 1978); *Guardian Prods. Co., v. Scott Paper Co.*, 200 USPQ 738 (TTAB 1978); TMEP §§1207.01 *et seq*.

<u>Similarity of Marks:</u>
The applicant's mark is CLASSIC BENEFITS.  The registrant's mark is CLASSIC.  The applicant's mark is similar to the registrant's mark because both contain the common wording CLASSIC.

Marks may be confusingly similar in appearance where there are similar terms or phrases or similar parts of terms or phrases appearing in both applicant's and registrant's mark.  *See e.g., Crocker Nat'l Bank v. Canadian Imperial Bank of Commerce*, 228 USPQ 689 (TTAB 1986), *aff'd* 1 USPQ2d 1813 (Fed. Cir. 1987) (COMMCASH and COMMUNICASH); *In re Phillips-Van Heusen Corp*., 228 USPQ 949 (TTAB 1986) (21 CLUB and "21" CLUB (stylized)); *In re Corning Glass Works*, 229 USPQ 65 (TTAB 1985) (CONFIRM and CONFIRMCELLS); *In re Collegian Sportswear Inc*., 224 USPQ 174 (TTAB 1984) (COLLEGIAN OF CALIFORNIA and COLLEGIENNE); *In re Pellerin Milnor Corp.,* 221 USPQ 558 (TTAB 1983) (MILTRON and MILLTRONICS); *In re BASF A.G.,* 189 USPQ 424 (TTAB 1975) (LUTEXAL and LUTEX); TMEP §§1207.01(b)(ii) and (b)(iii).

Additionally, the mere addition of a term to a registered mark does not obviate the similarity between the marks nor does it overcome a likelihood of confusion under Section 2(d).  *In re Chatam International Inc.*, 380 F.3d 1340, 71 USPQ2d 1944 (Fed. Cir. 2004) ("GASPAR'S ALE and "JOSE GASPAR GOLD"); *Coca-Cola Bottling Co. v. Joseph E. Seagram & Sons, Inc.*, 526 F.2d 556, 188 USPQ 105 (C.C.P.A. 1975) ("BENGAL" and "BENGAL LANCER"); *Lilly Pulitzer, Inc. v. Lilli Ann Corp.*, 376 F.2d 324, 153 USPQ 406 (C.C.P.A. 1967) ("THE LILLY" and "LILLI ANN"); *In re El Torito Rests. Inc.*, 9 USPQ2d 2002 (TTAB 1988) ("MACHO" and "MACHO COMBOS"); *In re United States Shoe Corp.*, 229 USPQ 707 (TTAB 1985) ("CAREER IMAGE" and "CREST CAREER IMAGES"); *In re Corning Glass Works,* 229 USPQ 65 (TTAB 1985) ("CONFIRM" and "CONFIRMCELLS"); *In re Riddle*, 225 USPQ 630 (TTAB 1985) ("ACCUTUNE" and "RICHARD PETTY'S ACCU TUNE"); *In re Cosvetic Laboratories, Inc.*, 202 USPQ 842 (TTAB 1979) ("HEAD START" and "HEAD START COSVETIC"); TMEP §1207.01(b)(iii).

Because the applicant's mark and the registrant's mark both contain the common wording CLASSIC, the overall commercial impression of the marks is similar.

Relatedness of Goods/Services:
The applicant's services are, "banking services."  The registrant's services are "Credit and debit card services."  The applicant's services are related to the registrant's services because both are likely to travel through the same channels of trade to the same classes of purchasers.

Attached are copies of printouts from the USPTO X-Search database, which show third-party registrations of marks used in connection with the same or similar goods and/or services as those of applicant and registrant in this case.  These printouts have probative value to the extent that they serve to suggest that the goods and/or services listed therein, namely banking services and credit and debit card services, are of a kind that may emanate from a single source.  *See In re Infinity Broad. Corp.,* 60 USPQ2d 1214, 1217-1218 (TTAB 2001); *In re Albert Trostel & Sons Co.,* 29 USPQ2d 1783, 1785-86 (TTAB 1993); *In re Mucky Duck Mustard Co., Inc.*, 6 USPQ2d 1467, 1470 at n.6 (TTAB 1988).

Additionally, please see the attached Internet website evidence which shows that companies offering banking services also offer credit and debit card services.

Accordingly, because confusion as to source is likely, registration is refused under Trademark Act Section 2(d) based on a likelihood of confusion.

Although the trademark examining attorney has refused registration, applicant may respond to the refusal to register by submitting evidence and arguments in support of registration.

If applicant chooses to respond to the refusal(s) to register, then applicant must also respond to the following requirement(s).

**Potential Section 2(d) Refusal to Register:**
Information regarding pending Application Serial No. 78804658 is enclosed.  The filing date of the referenced application precedes applicant's filing date.  There may be a likelihood of confusion between the two marks under Trademark Act Section 2(d), 15 U.S.C. §1052(d).  If the referenced application registers, registration may be refused in this case under Section 2(d).  37 C.F.R. §2.83; TMEP §§1208 *et seq*.  Therefore, upon entry of a response to this Office action, action on this case may be suspended pending final disposition of the earlier-filed application.

If applicant believes there is no potential conflict between this application and the earlier-filed application, then applicant may present arguments relevant to the issue in a response to this Office action. The election not to submit arguments at this time in no way limits applicant's right to address this issue at a later point.

**Disclaimer:**
The Office can require an applicant to disclaim an unregistrable part of a mark consisting of particular wording, symbols, numbers, design elements or combinations thereof. 15 U.S.C. §1056(a). Under Section 2(e) of the Trademark Act, the Office can refuse registration of an entire mark if the entire mark is merely descriptive, deceptively misdescriptive, or primarily geographically descriptive of the goods. 15 U.S.C. §1052(e). Thus, the Office may require an applicant to disclaim a portion of a mark that, when used in connection with the goods or services, is merely descriptive, deceptively misdescriptive, primarily geographically descriptive, or otherwise unregistrable (e.g., generic). TMEP §1213.03(a).

Failure to comply with a disclaimer requirement can result in a refusal to register the entire mark. TMEP §1213.01(b).

A "disclaimer" is a statement that applicant does not claim exclusive rights to an unregistrable component of a mark. A disclaimer does not affect the appearance of the applied-for mark.

Applicant must insert a disclaimer of BENEFITS in the application because it merely describes the applicant's services. Trademark Act Section 6, 15 U.S.C. §1056; TMEP §§1213 and 1213.08(a)(i). BENEFIT is defined as, "Help; aid." BENEFIT merely describes the applicant's services, specifically, the applicant helps or aids customers with banking services. Please see the attached Internet website dictionary definition.

The following is the accepted standard format for a disclaimer:

   No claim is made to the exclusive right to use "BENEFITS" apart from the mark as shown.

A disclaimer does *not* physically remove the disclaimed matter from the mark, but rather is a written statement that applicant does not claim exclusive rights to the disclaimed wording and/or design separate and apart from the mark as shown in the drawing.

**Ownership of Prior Registrations:**
If applicant is the owner of U.S. Registration Nos. 1460321 and 1818561, then applicant must submit a claim of ownership. 37 C.F.R. §2.36; TMEP §812. The following standard format is suggested:

   Applicant is the owner of U.S. Registration Nos. 1460321 and 1818561.


Please see the attached U.S. Registrations.

**Mark Differs on Drawing and Specimen:**
The mark on the drawing page does not agree with the mark as it appears on the specimen. The mark submitted for registration must be a substantially exact representation of the mark that appears on the specimen. 37 C.F.R. §2.51.

In this case, the drawing displays the mark as CLASSIC BENEFITS, while the specimen shows the mark as CLASSIC BENEFITS PACKAGE.

Applicant may not submit an amended drawing to conform to the display on the specimen because the character of the mark would be materially altered; in other words, the mark on the specimen creates a different commercial impression from the mark on the drawing. 37 C.F.R. §2.72(a); TMEP §§807.12, 807.12(a), 807.14 *et seq.* and 904.09.

Therefore, applicant must submit the following:

(1) <u>A substitute specimen</u> that shows the mark that appears on the drawing; and

(2) <u>The following statement</u>, verified with an affidavit or signed declaration under 37 C.F.R. §2.20: **"The substitute specimen was in use in commerce at least as early as the filing date of the application."** 37 C.F.R. §2.59(a); TMEP §904.09. If submitting a specimen requires an amendment to the dates of use, applicant must also verify the amended dates. 37 C.F.R. §2.71(c).

If applicant cannot satisfy the above requirements, applicant may amend the Section 1(a) filing basis (use in commerce) to Section 1(b) (intent to use basis), for which no specimen is required. However, should applicant amend the basis to Section 1(b), registration cannot be granted until applicant later amends the application back to use in commerce by filing an acceptable allegation of use with a proper specimen. 15 U.S.C. §1051(c); 37 C.F.R. §§2.76, 2.88; TMEP Chapter 1100.

In order to amend to Section 1(b), applicant must submit the following statement, verified with an affidavit or signed declaration under 37 C.F.R. §2.20: **"Applicant has had a bona fide intention to use the mark in commerce on or in connection with the goods or services listed in the application as of the filing date of the application."** 15 U.S.C. §1051(b); 37 C.F.R. §§2.34(a)(2) and 2.35(b)(1); TMEP §806.01(b).

If applicant has questions about its application or needs assistance in responding to this Office action, please telephone the assigned trademark examining attorney directly at the number below.

/Colleen Dombrow/

Trademark Attorney

Law Office 101

Direct Dial: (571) 272-8262

Facsimile: (571) 273-9101

**HOW TO RESPOND TO THIS OFFICE ACTION:**
- ONLINE RESPONSE:  You may respond using the Office's Trademark Electronic Application System (TEAS) Response to Office action form available on our website at http://www.uspto.gov/teas/index.html.  If the Office action issued via e-mail, you must wait 72 hours after receipt of the Office action to respond via TEAS.  **NOTE:  Do not respond by e-mail.  THE USPTO WILL NOT ACCEPT AN E-MAILED RESPONSE**.
- REGULAR MAIL RESPONSE:  To respond by regular mail, your response should be sent to the mailing return address above, and include the serial number, law office number, and examining attorney's name.  **NOTE:  The filing date of the response will be the** *date of receipt in the Office***,** not the postmarked date.  To ensure your response is timely, use a certificate of mailing.  37 C.F.R. §2.197.

**STATUS OF APPLICATION:** To check the status of your application, visit the Office's Trademark Applications and Registrations Retrieval (TARR) system at http://tarr.uspto.gov.

**VIEW APPLICATION DOCUMENTS ONLINE:** Documents in the electronic file for pending applications can be viewed and downloaded online at http://portal.uspto.gov/external/portal/tow.

**GENERAL TRADEMARK INFORMATION:** For general information about trademarks, please visit the Office's website at http://www.uspto.gov/main/trademarks.htm

**FOR INQUIRIES OR QUESTIONS ABOUT THIS OFFICE ACTION, PLEASE CONTACT THE ASSIGNED EXAMINING ATTORNEY SPECIFIED ABOVE.**