# EXHIBIT 62

Case 1:08-cv-00297   Document 23-63   Filed 01/23/2008   Page 1 of 11

**Thank you for your request. Here are the latest results from the TARR web server.**

**This page was generated by the TARR system on** 2008-01-22 20:13:09 ET

**Serial Number:** 78790593  Assignment Information     Trademark Document Retrieval

**Registration Number:** (NOT AVAILABLE)

**Mark**

# FEATURE PORTFOLIO

**(words only):** FEATURE PORTFOLIO

**Standard Character claim:** Yes

**Current Status:** A request for the first extension of time to file a statement of use has been granted.

**Date of Status:** 2007-10-09

**Filing Date:** 2006-01-12

**The Notice of Allowance Date is:** 2007-04-10

**Transformed into a National Application:** No

**Registration Date:** (DATE NOT AVAILABLE)

**Register:** Principal

**Law Office Assigned:** LAW OFFICE 102

**Attorney Assigned:**
EISINGER REBECCA MILES Employee Location

**Current Location:** 700 -Intent To Use Section

**Date In Location:** 2007-04-10

## LAST APPLICANT(S)/OWNER(S) OF RECORD

1. JPMorgan Chase & Co.

**Address:**
JPMorgan Chase & Co.
270 Park Avenue
New York, NY 10017
United States
**Legal Entity Type:** Corporation
**State or Country of Incorporation:** Delaware

## GOODS AND/OR SERVICES

**International Class:** 036
**Class Status:** Active
Banking and financial services in connection with structured products, namely, investments with defined payoffs.
**Basis:** 1(b)
**First Use Date:** (DATE NOT AVAILABLE)
**First Use in Commerce Date:** (DATE NOT AVAILABLE)

## ADDITIONAL INFORMATION

**Disclaimer:** "PORTFOLIO"

## MADRID PROTOCOL INFORMATION

(NOT AVAILABLE)

## PROSECUTION HISTORY

**NOTE: To view any document referenced below, click on the link to "Trademark Document Retrieval" shown near the top of this page.**

2007-10-09 - Extension 1 granted

2007-10-09 - Extension 1 filed

2007-10-09 - TEAS Extension Received

2007-04-10 - Notice of allowance - mailed

2007-01-16 - Published for opposition

2006-12-27 - Notice of publication

2006-11-25 - Law Office Publication Review Completed

2006-11-24 - Assigned To LIE

2006-11-09 - Approved for Pub - Principal Register (Initial exam)

2006-11-08 - Teas/Email Correspondence Entered

2006-11-02 - Communication received from applicant

2006-11-02 - TEAS Response to Office Action Received

2006-05-04 - Non-final action e-mailed

2006-05-04 - Non-Final Action Written

2006-05-02 - Assigned To Examiner

2006-01-18 - New Application Entered In Tram

## ATTORNEY/CORRESPONDENT INFORMATION

**Attorney of Record**
Dana Breitman

**Correspondent**
Dana Breitman
GOODWIN PROCTER LLP
599 LEXINGTON AVE
NEW YORK NY 10022-6030
Phone Number: 212-813-8800
Fax Number: 212-355-3333



United States Patent and Trademark Office

Home | Site Index | Search | FAQ | Glossary | Guides | Contacts | eBusiness | eBiz alerts | News | Help

**Trademarks > Trademark Electronic Search System (TESS)**

TESS was last updated on Tue Jan 22 04:11:06 EST 2008

[TESS HOME] [NEW USER] [STRUCTURED] [FREE FORM] [BROWSE DICT] [SEARCH OG] [BOTTOM] [HELP]

Please logout when you are done to release system resources allocated for you.

## Record 1 out of 1

[TARR Status] [ASSIGN Status] [TDR] [TTAB Status]  ( Use the "Back" button of the Internet Browser to return to TESS)

# FEATURE PORTFOLIO

| | |
|---|---|
| **Word Mark** | FEATURE PORTFOLIO |
| **Goods and Services** | IC 036. US 100 101 102. G & S: Banking and financial services in connection with structured products, namely, investments with defined payoffs. |
| **Standard Characters Claimed** | |
| **Mark Drawing Code** | (4) STANDARD CHARACTER MARK |
| **Serial Number** | 78790593 |
| **Filing Date** | January 12, 2006 |
| **Current Filing Basis** | 1B |
| **Original Filing Basis** | 1B |
| **Published for Opposition** | January 16, 2007 |
| **Owner** | (APPLICANT) JPMorgan Chase & Co. CORPORATION DELAWARE 270 Park Avenue New York NEW YORK 10017 |
| **Attorney of Record** | Dana Breitman |
| **Disclaimer** | NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "PORTFOLIO" APART FROM THE MARK AS SHOWN |
| **Type of Mark** | SERVICE MARK |

| | |
|---|---|
| **Register** | PRINCIPAL |
| **Live/Dead Indicator** | LIVE |

TESS HOME  NEW USER  STRUCTURED  FREE FORM  BROWSE DICT  SEARCH OG  TOP  HELP

| **HOME** | **SITE INDEX** | **SEARCH** | **eBUSINESS** | **HELP** | **PRIVACY POLICY**

| | |
|---|---|
| **To:** | JPMorgan Chase & Co. (dbreitman@goodwinprocter.com) |
| **Subject:** | TRADEMARK APPLICATION NO. 78790593 - FEATURE PORTFOLIO - 100144.16215 |
| **Sent:** | 5/4/2006 10:13:54 AM |
| **Sent As:** | ECOM102@USPTO.GOV |
| **Attachments:** | Attachment - 1 |
| | Attachment - 2 |
| | Attachment - 3 |
| | Attachment - 4 |
| | Attachment - 5 |
| | Attachment - 6 |
| | Attachment - 7 |
| | Attachment - 8 |
| | Attachment - 9 |
| | Attachment - 10 |
| | Attachment - 11 |
| | Attachment - 12 |
| | Attachment - 13 |
| | Attachment - 14 |
| | Attachment - 15 |
| | Attachment - 16 |
| | Attachment - 17 |

# [Important Email Information]
## UNITED STATES PATENT AND TRADEMARK OFFICE

**SERIAL NO**:   78/790593

**APPLICANT**:   JPMorgan Chase & Co.

**\*78790593\***

**CORRESPONDENT ADDRESS**:
   DANA BREITMAN
   GOODWIN PROCTER LLP
   599 LEXINGTON AVE
   NEW YORK, NY 10022-6030

**RETURN ADDRESS**:
Commissioner for Trademarks
P.O. Box 1451
Alexandria, VA 22313-1451

**MARK**:   FEATURE PORTFOLIO

**CORRESPONDENT'S REFERENCE/DOCKET NO**:   100144.16215

**CORRESPONDENT EMAIL ADDRESS**:
   dbreitman@goodwinprocter.com

Please provide in all correspondence:

1. Filing date, serial number, mark and applicant's name.
2. Date of this Office Action.
3. Examining Attorney's name and Law Office number.
4. Your telephone number and e-mail address.

# OFFICE ACTION

**RESPONSE TIME LIMIT**:  TO AVOID ABANDONMENT, THE OFFICE MUST RECEIVE A PROPER RESPONSE TO THIS OFFICE ACTION WITHIN 6 MONTHS OF THE MAILING OR E-MAILING DATE.

**MAILING/E-MAILING DATE INFORMATION**:  If the mailing or e-mailing date of this Office action does not appear above, this information can be obtained by visiting the USPTO website at http://tarr.uspto.gov/, inserting the application serial number, and viewing the prosecution history for the mailing date of the most recently issued Office communication.

Serial Number  78/790593

The assigned trademark examining attorney has reviewed the referenced application and has determined the following:

**Refusal Under Trademark Act §2(d) – Likelihood of Confusion**

Registration of the proposed mark is refused because of a likelihood of confusion with the mark in U.S. Registration No. 2785907.  Trademark Act Section 2(d), 15 U.S.C. §1052(d); TMEP §§1207.01 *et seq*.  See the enclosed registration.

Trademark Act Section 2(d) bars registration where an applied-for mark so resembles a registered mark that it is likely, when applied to the goods and/or services, to cause confusion, mistake or to deceive the potential consumer as to the source of the goods and/or services.  TMEP §1207.01.  The Court in *In re E. I. du Pont de Nemours & Co.,* 476 F.2d 1357, 177 USPQ 563 (C.C.P.A. 1973), listed the principal factors to consider in determining whether there is a likelihood of confusion.  Among these factors are the similarity of the marks as to appearance, sound, meaning and commercial impression, and the relatedness of the goods and/or services.  The overriding concern is to prevent buyer confusion as to the source of the goods and/or services.  *In re Shell Oil Co.*, 992 F.2d 1204, 1208, 26 USPQ2d 1687, 1690 (Fed. Cir. 1993).  Therefore, any doubt as to the existence of a likelihood of confusion must be resolved in favor of the registrant.  *In re Hyper Shoppes (Ohio), Inc.,* 837 F.2d 463, 6 USPQ2d 1025 (Fed. Cir. 1988); *Lone Star Mfg. Co. v. Bill Beasley, Inc.,* 498 F.2d 906, 182 USPQ 368 (C.C.P.A. 1974).

The marks are compared in their entireties under a Section 2(d) analysis.  Nevertheless, one feature of a mark may be recognized as more significant in creating a commercial impression.  Greater weight is given to that dominant feature in determining whether there is a likelihood of confusion.  *In re National Data Corp.*, 753 F.2d 1056, 224 USPQ 749 (Fed. Cir. 1985); *Tektronix, Inc. v. Daktronics, Inc.*, 534 F.2d 915, 189 USPQ 693 (C.C.P.A. 1976). *In re J.M. Originals Inc.*, 6 USPQ2d 1393 (TTAB 1987); TMEP §1207.01(b)(viii).  In this case, the dominant element of applicant's mark is FEATURE, as the word PORTFOLIO is descriptive or generic in the context of banking and financial services to mean a group of investments.  See the attached dictionary and financial-glossary definitions.

In this case, the registered mark is DOUBLE FEATURE for financial services in Class 36, while applicant's mark is FEATURE PORTFOLIO for banking and financial services.  The marks themselves are similar because they share the dominant word FEATURE and appear to suggest similar meanings.  As the attached dictionary definition demonstrates, "feature" has several meanings: as a noun, it can mean a particular characteristic of a good or service that is significant or

emphasized, it can mean a special attraction at an entertainment presentation, it can mean a prominent or special article or story in a news publication or broadcast, or it can mean an item offered or advertised as particularly attractive or as an inducement. As a transitive verb, "feature" can mean giving an item or characteristic special attention or prominence, or it can mean having or including a special item or characteristic. The interplay of all these possible meanings of the word FEATURE is – for purposes of a §2(d) analysis – the central function of both marks; registrant has added the word "double" to emphasize the many meanings of "feature," as the phrase "double feature" is often used in entertainment services. Compared to each other as a whole, the marks create a similar commercial impression because they share the dominant element FEATURE, which is spelled identically in the two marks and appears to create the same ambiguous impression of meaning. Because the marks are similar, applicant's mark must be refused if it is used for similar goods or services as registrant's mark.

The registered mark and applicant's mark are for identical services, in part, and for otherwise highly related services. Registrant has listed "financial services" as the service with which its mark is used in commerce. Applicant's recitation of services included financial services as well as banking, an activity commonly conducted in connection with financial services in commerce. See the attached Internet evidence, consisting of the websites of institutions that offer both banking and financial services. Because applicant's mark is similar to registrant's, and because the services associated with the marks are the same or highly related, applicant's must be refused under Trademark Act §2(d) because of a likelihood of confusion with registrant's mark.

Although the trademark examining attorney has refused registration, applicant may respond to the refusal to register by submitting evidence and arguments in support of registration. If applicant chooses to respond to the refusal to register, then applicant must also respond to the following requirements.

**Disclaimer Requirement**

Applicant must disclaim the wording "PORTFOLIO" apart from the mark as shown because it is merely descriptive or generic for a group of investments; portfolio services are among the financial services that a financial institution commonly offers. Trademark Act Section 6, 15 U.S.C. §1056; TMEP §§1213 and 1213.03(a). See the attached Internet evidence, which includes definitions of the word "portfolio" and the websites of financial institutions listing their chief services.

The computerized printing format for the Office's *Trademark Official Gazette* requires a standardized format for a disclaimer. TMEP §1213.08(a)(i). The following is the standard format used by the Office:

> No claim is made to the exclusive right to use "PORTFOLIO" apart from the mark as shown.

*See In re Owatonna Tool Co.*, 231 USPQ 493 (Comm'r Pats. 1983).

**Information Requirement: How Mark is to be Used in Commerce**

Applicant must submit samples of advertisements or promotional materials for the identified services because the nature of the intended use of this mark in connection with the recited services is not clear from the present record. If such materials are not available, then applicant must submit samples of advertisements or promotional materials for *similar* services. In

addition, applicant must describe in some detail the nature, purpose and channels of trade of the services listed in the application.  37 C.F.R. §2.61(b); TMEP §§814 and 1402.01(e).

**Questions**

If applicant has questions about its application or needs assistance in responding to this Office action, please telephone the assigned trademark examining attorney directly at the number below.

/Rebecca Miles Eisinger/

Trademark Attorney

Law Office 102

Phone (571) 272-8845

Fax (571) 273-9102

**HOW TO RESPOND TO THIS OFFICE ACTION:**
- ONLINE RESPONSE:  You may respond using the Office's Trademark Electronic Application System (TEAS) Response to Office action form available on our website at http://www.uspto.gov/teas/index.html.  If the Office action issued via e-mail, you must wait 72 hours after receipt of the Office action to respond via TEAS.  **NOTE:  Do not respond by e-mail.  THE USPTO WILL NOT ACCEPT AN E-MAILED RESPONSE**.
- REGULAR MAIL RESPONSE:  To respond by regular mail, your response should be sent to the mailing return address above, and include the serial number, law office number, and examining attorney's name.  **NOTE:  The filing date of the response will be the *date of receipt in the Office*,** not the postmarked date.  To ensure your response is timely, use a certificate of mailing.  37 C.F.R. §2.197.

**STATUS OF APPLICATION:** To check the status of your application, visit the Office's Trademark Applications and Registrations Retrieval (TARR) system at http://tarr.uspto.gov.

**VIEW APPLICATION DOCUMENTS ONLINE:** Documents in the electronic file for pending applications can be viewed and downloaded online at http://portal.uspto.gov/external/portal/tow.

**GENERAL TRADEMARK INFORMATION:** For general information about trademarks, please visit the Office's website at http://www.uspto.gov/main/trademarks.htm

**FOR INQUIRIES OR QUESTIONS ABOUT THIS OFFICE ACTION, PLEASE CONTACT THE ASSIGNED EXAMINING ATTORNEY SPECIFIED ABOVE.**

**Note:**

**In order to avoid size limitation constraints on large e-mail messages, this Office Action has been split into 2 smaller e-mail messages. The Office Action in its entirety consists of this message as well as the following attachments that you will receive in separate messages:**

Email 1 includes the following 7 attachments
1. 20060504-ooa0011
2. 20060504-ooa0002
3. 20060504-ooa0003
4. 20060504-ooa0004
5. 20060504-ooa0005
6. 20060504-ooa0006
7. 20060504-ooa0007

Email 2 includes the following 10 attachments
1. 20060504-ooa0008
2. 20060504-ooa0009
3. 20060504-ooa0010
4. Portfolio1-1
5. Portfolio1-2
6. Portfolio2
7. Portfolio3-1
8. Portfolio3-2
9. Portfolio4-1
10. Portfolio4-2

Please ensure that you receive all of the aforementioned attachments, and if you do not, please contact the assigned-examining attorney.