# EXHIBIT 63

Thank you for your request. Here are the latest results from the TARR web server.

This page was generated by the TARR system on 2008-01-22 20:13:40 ET

**Serial Number:** 78924744 Assignment Information     Trademark Document Retrieval

**Registration Number:** (NOT AVAILABLE)

Mark

# IMAGE DEPOSIT DIRECT

**(words only):** IMAGE DEPOSIT DIRECT

**Standard Character claim:** Yes

**Current Status:** Applicant's response to a non-FINAL office action has been entered in application.

**Date of Status:** 2008-01-22

**Filing Date:** 2006-07-07

**Transformed into a National Application:** No

**Registration Date:** (DATE NOT AVAILABLE)

**Register:** Supplemental

**Law Office Assigned:** LAW OFFICE 101

**Attorney Assigned:**
DOMBROW COLLEEN M Employee Location

**Current Location:** L1X -TMEG Law Office 101 - Examining Attorney Assigned

**Date In Location:** 2007-07-20

## LAST APPLICANT(S)/OWNER(S) OF RECORD

1. JPMorgan Chase & Co.

**Address:**
JPMorgan Chase & Co.
270 Park Avenue
New York, NY 10017
United States
**Legal Entity Type:** Corporation
**State or Country of Incorporation:** Delaware

## GOODS AND/OR SERVICES

**International Class:** 036
**Class Status:** Active
Banking services, namely, check processing services enabling non-bank financial institutions and other corporations to deposit checks into the bank electronically as imaged files
**Basis:** 1(a)
**First Use Date:** 2005-06-00
**First Use in Commerce Date:** 2005-06-00

## ADDITIONAL INFORMATION

(NOT AVAILABLE)

## MADRID PROTOCOL INFORMATION

(NOT AVAILABLE)

## PROSECUTION HISTORY

**NOTE: To view any document referenced below, click on the link to "Trademark Document Retrieval" shown near the top of this page.**

2008-01-22 - Teas/Email Correspondence Entered

2008-01-22 - Communication received from applicant

2008-01-22 - TEAS Response to Office Action Received

2007-07-20 - Notification Of Non-Final Action E-Mailed

2007-07-20 - NON-FINAL ACTION E-MAILED

2007-07-20 - Non-Final Action Written

2007-06-26 - Amendment From Applicant Entered

2007-06-26 - Communication received from applicant

2007-06-26 - Assigned To LIE

2007-06-14 - PAPER RECEIVED

2007-06-09 - Teas/Email Correspondence Entered

2007-06-08 - Communication received from applicant

2007-06-08 - TEAS Response to Office Action Received

2006-12-08 - Non-final action e-mailed

2006-12-08 - Non-Final Action Written

2006-12-06 - Assigned To Examiner

2006-07-12 - New Application Entered In Tram

## ATTORNEY/CORRESPONDENT INFORMATION

**Attorney of Record**
Dana Breitman

**Correspondent**
DANA BREITMAN
GOODWIN PROCTER, LLP
599 LEXINGTON AVE
NEW YORK, NY 10022-6030
Phone Number: 212-813-8800
Fax Number: 212-355-3333

Trademark Electronic Search System (TESS)


**United States Patent and Trademark Office**

Home | Site Index | Search | FAQ | Glossary | Guides | Contacts | eBusiness | eBiz alerts | News | Help

Trademarks > Trademark Electronic Search System (TESS)

TESS was last updated on Tue Jan 22 04:11:06 EST 2008

[TESS HOME] [NEW USER] [STRUCTURED] [FREE FORM] [BROWSE DICT] [SEARCH OG] [BOTTOM] [HELP]

[Logout] Please logout when you are done to release system resources allocated for you.

**Record 1 out of 1**

[TARR Status] [ASSIGN Status] [TDR] [TTAB Status] ( Use the "Back" button of the Internet Browser to return to TESS)

# IMAGE DEPOSIT DIRECT

| | |
|---|---|
| **Word Mark** | IMAGE DEPOSIT DIRECT |
| **Goods and Services** | IC 036. US 100 101 102. G & S: Banking services, namely, check deposit services which consist of an image scanner targeted to non-bank financial institutions and other corporations. FIRST USE: 20050600. FIRST USE IN COMMERCE: 20050600 |
| **Standard Characters Claimed** | |
| **Mark Drawing Code** | (4) STANDARD CHARACTER MARK |
| **Serial Number** | 78924744 |
| **Filing Date** | July 7, 2006 |
| **Current Filing Basis** | 1A |
| **Original Filing Basis** | 1A |
| **Owner** | (APPLICANT) JPMorgan Chase & Co. CORPORATION DELAWARE 270 Park Avenue New York NEW YORK 10017 |
| **Attorney of Record** | Dana Breitman |
| **Type of Mark** | SERVICE MARK |
| **Register** | PRINCIPAL |
| **Live/Dead Indicator** | LIVE |

file:///G|/Jennifer%20Gregor/NT-Chase%20Documents%...%20Rejections/Image%20Deposit%20Direct-%20TESS.htm (1 of 2) [1/22/2008 7:41:47 PM]

| | |
|---|---|
| To: | JPMorgan Chase & Co. (dbreitman@goodwinprocter.com) |
| Subject: | TRADEMARK APPLICATION NO. 78924744 - IMAGE DEPOSIT DIRECT - 100144.13795 |
| Sent: | 12/8/06 5:25:01 PM |
| Sent As: | ECOM101@USPTO.GOV |
| Attachments: | Attachment - 1 |
| | Attachment - 2 |
| | Attachment - 3 |
| | Attachment - 4 |
| | Attachment - 5 |
| | Attachment - 6 |
| | Attachment - 7 |
| | Attachment - 8 |
| | Attachment - 9 |
| | Attachment - 10 |
| | Attachment - 11 |
| | Attachment - 12 |
| | Attachment - 13 |
| | Attachment - 14 |
| | Attachment - 15 |
| | Attachment - 16 |
| | Attachment - 17 |
| | Attachment - 18 |
| | Attachment - 19 |
| | Attachment - 20 |
| | Attachment - 21 |
| | Attachment - 22 |
| | Attachment - 23 |
| | Attachment - 24 |
| | Attachment - 25 |
| | Attachment - 26 |
| | Attachment - 27 |
| | Attachment - 28 |
| | Attachment - 29 |
| | Attachment - 30 |
| | Attachment - 31 |
| | Attachment - 32 |
| | Attachment - 33 |
| | Attachment - 34 |
| | Attachment - 35 |
| | Attachment - 36 |
| | Attachment - 37 |
| | Attachment - 38 |
| | Attachment - 39 |
| | Attachment - 40 |
| | Attachment - 41 |
| | Attachment - 42 |
| | Attachment - 43 |
| | Attachment - 44 |
| | Attachment - 45 |
| | Attachment - 46 |
| | Attachment - 47 |

Attachment - 48
Attachment - 49
Attachment - 50

## [Important Email Information]
## UNITED STATES PATENT AND TRADEMARK OFFICE

| | |
|---|---|
| **SERIAL NO:** 78/924744 | |
| **APPLICANT:** JPMorgan Chase & Co. | **\*78924744\*** |
| **CORRESPONDENT ADDRESS:** | **RETURN ADDRESS:** |
| DANA BREITMAN | Commissioner for Trademarks |
| GOODWIN PROCTER, LLP | P.O. Box 1451 |
| 599 LEXINGTON AVE | Alexandria, VA 22313-1451 |
| NEW YORK, NY 10022-6030 | |

**MARK:** IMAGE DEPOSIT DIRECT

**CORRESPONDENT'S REFERENCE/DOCKET NO:** 100144.13795

**CORRESPONDENT EMAIL ADDRESS:**
dbreitman@goodwinprocter.com

Please provide in all correspondence:

1. Filing date, serial number, mark and applicant's name.
2. Date of this Office Action.
3. Examining Attorney's name and Law Office number
4. Your telephone number and e-mail address

## OFFICE ACTION

**RESPONSE TIME LIMIT:** TO AVOID ABANDONMENT, THE OFFICE MUST RECEIVE A PROPER RESPONSE TO THIS OFFICE ACTION WITHIN 6 MONTHS OF THE MAILING OR E-MAILING DATE.

**MAILING/E-MAILING DATE INFORMATION:** If the mailing or e-mailing date of this Office action does not appear above, this information can be obtained by visiting the USPTO website at http://tarr.uspto.gov/, inserting the application serial number, and viewing the prosecution history for the mailing date of the most recently issued Office communication.

Serial Number 78/924744

The assigned trademark examining attorney has reviewed the referenced application and has determined the following:

**Section 2(d) Refusal to Register:**
Registration of the proposed mark is refused because of a likelihood of confusion with the marks in U.S. Registration Nos. 3125554 and 3125555. Trademark Act Section 2(d), 15 U.S.C. §1052(d); TMEP §§1207.01 *et seq.* See the enclosed registrations.

Taking into account the relevant *Du Pont* factors, a likelihood of confusion determination in this case involves a two-part analysis. First, the marks are compared for similarities in appearance, sound, connotation and commercial impression. *In re E.I. du Pont de Nemours & Co.*, 476 F.2d 1357, 177 USPQ 563 (C.C.P.A. 1973). Second, the goods or services are compared to determine whether they are similar or related or whether the activities surrounding their marketing are such that confusion as to origin is likely. *In re National Novice Hockey League, Inc.*, 222 USPQ 638 (TTAB 1984); *In re August Storck KG*, 218 USPQ 823 (TTAB 1983); *In re Int'l Tel. and Tel. Corp.*, 197 USPQ 910 (TTAB 1978); *Guardian Prods. Co., v. Scott Paper Co.*, 200 USPQ 738 (TTAB 1978); TMEP §§1207.01 *et seq.*

Similarity of the Marks:
The applicant's mark is IMAGE DEPOSIT DIRECT. Registration Number 3125554 is for DEPOSIT DIRECT. Registration Number 3125555 is for DEPOSIT DIRECT BUSINESS. The applicant's mark is similar to the registrant's marks because they all contain the common wording DEPOSIT DIRECT.

Marks may be confusingly similar in appearance where there are similar terms or phrases or similar parts of terms or phrases appearing in both applicant's and registrant's mark. *See e.g., Crocker Nat'l Bank v. Canadian Imperial Bank of Commerce*, 228 USPQ 689 (TTAB 1986), *aff'd* 1 USPQ2d 1813 (Fed. Cir. 1987) (COMMCASH and COMMUNICASH); *In re Phillips-Van Heusen Corp.*, 228 USPQ 949 (TTAB 1986) (21 CLUB and "21" CLUB (stylized)); *In re Corning Glass Works*, 229 USPQ 65 (TTAB 1985) (CONFIRM and CONFIRMCELLS); *In re Collegian Sportswear Inc.*, 224 USPQ 174 (TTAB 1984) (COLLEGIAN OF CALIFORNIA and COLLEGIENNE); *In re Pellerin Milnor Corp.*, 221 USPQ 558 (TTAB 1983) (MILTRON and MILLTRONICS); *In re BASF A.G.*, 189 USPQ 424 (TTAB 1975) (LUTEXAL and LUTEX); TMEP §§1207.01(b)(ii) and (b)(iii).

Because the applicant's mark and the registrant's marks all contain the common wording DEPOSIT DIRECT, the overall commercial impression of the marks is similar.

Relatedness of Goods/Services:
The applicant's services are "Banking services." The registrant's services are, "Business consulting for financial institutions." The applicant's services are related to the registrant's services because both are likely to travel through the same channels of trade to the same classes of purchasers.

Attached are copies of printouts from the USPTO X-Search database, which show third-party registrations of marks used in connection with the same or similar goods and/or services as those of applicant and registrant in this case. These printouts have probative value to the extent that they serve to suggest that the goods and/or services listed therein, namely business consulting services and banking services, are of a kind that may emanate from a single source. *See In re Infinity Broad. Corp.*, 60 USPQ2d 1214, 1217-1218 (TTAB 2001); *In re Albert Trostel & Sons Co.*, 29 USPQ2d 1783, 1785-86 (TTAB 1993); *In re Mucky Duck Mustard Co., Inc.*, 6 USPQ2d 1467, 1470 at n.6 (TTAB 1988).

Accordingly, because confusion as to source is likely, registration is refused under Trademark Act Section 2(d) based on a likelihood of confusion.

Applicant should note the following additional ground for refusal.

### Section 2(e)(1) Refusal to Register:

Registration is refused because the proposed mark merely describes feature or characteristic of applicant's goods and/or services. Trademark Act Section 2(e)(1), 15 U.S.C. §1052(e)(1); TMEP §§1209 *et seq.*

A mark is merely descriptive under Section 2(e)(1) if it describes an ingredient, quality, characteristic, function, feature, purpose or use of the specified goods and/or services. *In re Gyulay*, 820 F.2d 1216, 3 USPQ2d 1009 (Fed. Cir. 1987); *In re Bed & Breakfast Registry,* 791 F.2d 157, 229 USPQ 818 (Fed. Cir. 1986); *In re MetPath Inc.*, 223 USPQ 88 (TTAB 1984); *In re Bright-Crest, Ltd.*, 204 USPQ 591 (TTAB 1979); TMEP §1209.01(b). A mark that describes an intended user of a product or service is also merely descriptive within the meaning of Section 2(e)(1). *See Hunter Publ'g Co. v. Caulfield Publ'g, Ltd.,* 1 USPQ2d 1996 (TTAB 1986); *In re Camel Mfg. Co.*, 222 USPQ 1031 (TTAB 1984).

The determination of whether a mark is merely descriptive is considered in relation to the identified goods and/or services, not in the abstract. *In re Abcor Dev. Corp.*, 588 F.2d 811, 814, 200 USPQ 215, 218 (CCPA 1978); *see, e.g., In re Polo Int'l Inc.*, 51 USPQ2d 1061 (TTAB 1999) (DOC in DOC-CONTROL would be understood to refer to the "documents" managed by applicant's software, not "doctor" as shown in dictionary definition); *In re Digital Research Inc.*, 4 USPQ2d 1242 (TTAB 1987) (CONCURRENT PC-DOS found merely descriptive of "computer programs recorded on disk" where relevant trade uses the denomination "concurrent" as a descriptor of this particular type of operating system); *see* TMEP §1209.01(b).

The applicant's mark is IMAGE DEPOSIT DIRECT for "Banking Services." IMAGE is defined as, "A reproduction of the form of a person or object, especially a sculptured likeness." DEPOSIT is defined as, "To put (money) in a bank or financial account." DIRECT is defined as, "In which no person, action, or process intervenes." Please see the attached Internet website definitions. Additionally, please see the attached Internet website evidence which shows that IMAGE DEPOSIT is descriptive for banking services. Specifically, the attached evidence shows that IMAGE DEPOSIT is a service banks offer where they accept scanned images for deposit, such as scanned checks. DIRECT merely describes the applicant's services, specifically, the customers of the applicant may complete financial transactions online without the need of a bank teller.

Accordingly, because the applicant's mark merely describes a feature or characteristic of the applicant's services, registration is refused under Trademark Act Section 2(e)(1).

Although the trademark examining attorney has refused registration, applicant may respond to the refusal to register by submitting evidence and arguments in support of registration.

If applicant chooses to respond to the refusal(s) to register, then applicant must also respond to the following requirement(s).

### Significance:

Applicant must specify whether the wording "IMAGE DEPOSIT DIRECT" or "IMAGE DEPOSIT" or "DEPOSIT DIRECT" or "IMAGE" or "DEPOSIT" or "DIRECT" has any significance in the banking trade or industry or as applied to the goods/services described in the application. 37 C.F.R. §2.61(b).

If applicant has questions about its application or needs assistance in responding to this Office action, please telephone the assigned trademark examining attorney directly at the number below.

/Colleen Dombrow/

Trademark Attorney

Law Office 101

Direct Dial: (571) 272-8262

Facsimile: (571) 273-9101

**HOW TO RESPOND TO THIS OFFICE ACTION:**
- ONLINE RESPONSE: You may respond using the Office's Trademark Electronic Application System (TEAS) Response to Office action form available on our website at http://www.uspto.gov/teas/index.html. If the Office action issued via e-mail, you must wait 72 hours after receipt of the Office action to respond via TEAS. **NOTE: Do not respond by e-mail. THE USPTO WILL NOT ACCEPT AN E-MAILED RESPONSE.**
- REGULAR MAIL RESPONSE: To respond by regular mail, your response should be sent to the mailing return address above, and include the serial number, law office number, and examining attorney's name. **NOTE: The filing date of the response will be the *date of receipt in the Office*,** not the postmarked date. To ensure your response is timely, use a certificate of mailing. 37 C.F.R. §2.197.

**STATUS OF APPLICATION:** To check the status of your application, visit the Office's Trademark Applications and Registrations Retrieval (TARR) system at http://tarr.uspto.gov.

**VIEW APPLICATION DOCUMENTS ONLINE:** Documents in the electronic file for pending applications can be viewed and downloaded online at http://portal.uspto.gov/external/portal/tow.

**GENERAL TRADEMARK INFORMATION:** For general information about trademarks, please visit the Office's website at http://www.uspto.gov/main/trademarks.htm

**FOR INQUIRIES OR QUESTIONS ABOUT THIS OFFICE ACTION, PLEASE CONTACT THE ASSIGNED EXAMINING ATTORNEY SPECIFIED ABOVE.**

Note:

In order to avoid size limitation constraints on large e-mail messages, this Office Action has been split into 7 smaller e-mail messages. The Office Action in its entirety consists of this message as well as the following attachments that you will receive in separate messages:

Email 1 includes the following 3 attachments
1. image1
2. image2
3. image3-1

Email 2 includes the following 4 attachments
1. image3-2
2. image3-3
3. image4-1
4. image4-2

Email 3 includes the following 6 attachments
1. image4-3
2. image4-4
3. image4-5
4. image6-1
5. image6-2
6. image6-3

Email 4 includes the following 23 attachments
1. image5-1
2. image5-2
3. 76646080P001OF002
4. 76646080P002OF002
5. 76646150P001OF002
6. 76646150P002OF002
7. 78010550P001OF003
8. 78010550P002OF003
9. 78010550P003OF003
10. 78234306P001OF003
11. 78234306P002OF003
12. 78234306P003OF003
13. 78351092P001OF003

14. 78351092P002OF003
15. 78351092P003OF003
16. 78604477P001OF003
17. 78604477P002OF003
18. 78604477P003OF003
19. 78733866P001OF002
20. 78733866P002OF002
21. image7-1
22. image7-2
23. image8-1

Email 5 includes the following 5 attachments
1. image8-2
2. image8-3
3. image9-1
4. image9-2
5. image9-3

Email 6 includes the following 6 attachments
1. image-1
2. image-2
3. deposit-1
4. deposit-2
5. direct-1
6. direct-2

Email 7 includes the following 3 attachments
1. direct-3
2. direct-4
3. direct-5

Please ensure that you receive all of the aforementioned attachments, and if you do not, please contact the assigned-examining attorney.

## CERTIFICATE OF SERVICE

I, Jennifer L. Gregor, an attorney, hereby certify that on January 23, 2008, I electronically filed the foregoing **Declaration of Jennifer L. Gregor** with the Clerk of the Court using the CM/ECF system, which will send an electronic copy of the foregoing to David Craig Hilliard (dhilliard@pattishall.com), Hans Ulrich Widmaier (uw@pattishall.com), Teresa Dillon Tambolas (ttambolas@pattishall.com), and Ashly Ann Iaculo (ai@pattishall.com).

s/ Jennifer L. Gregor
Jennifer L. Gregor
